CHARLES E. HUDSON, Appellant, v. CURTIN E. MATTER, Respondent, Impleaded with FLORENCE HUDSON, Appellant.

Third Department, January 14, 1927.

Vendor and purchaser — action to recover amount paid on land contract on ground that marketable title was not tendered — plaintiff paid $5,000 and made extensive improvements — judgment was rendered below in favor of defendant on counterclaim for balance due under contract — judgment bars plaintiff's rights in farm unless balance is paid within thirty days — owner demands equitable relief and, therefore, must do equity — judgment should be modified by striking out provision that purchaser be barred unless balance is paid within thirty days and by providing for usual sale with provisions for distribution of surplus or for deficiency judgment.

This is an action by a purchaser of a farm to recover the amount paid on the contract, on the ground that a good and marketable title was not tendered. The owner counterclaimed for the balance still due, and asked for equitable relief. It appears that the plaintiff had paid $5,000 on the principal and made extensive improvements, and that certain personal property had been released by the owner. It was error for the court to render judgment on the owner's counterclaim for the balance still due and to provide that the purchaser might have the farm by paying that balance within thirty days or otherwise be barred of all rights, for such a judgment is not equitable.

The judgment should be modified by striking out the provision that the plaintiff shall be barred and foreclosed of all right, title or interest under the contract unless the balance of the purchase price is paid within thirty days, and by providing for the usual sale on foreclosure with provisions for disposing of the surplus or for deficiency judgment.

APPEAL by the plaintiff, Charles E. Hudson, and by the defendant, Florence Hudson, from a judgment of the Supreme Court in favor of the defendant, Curtin E. Matter, entered in the office of the clerk of the county of Tompkins on the 8th day of July, 1924, upon the decision of the court rendered after a trial at the Tompkins Trial and Special Term before the court without a jury.

This action was brought to recover money paid by the plaintiff on a contract for the purchase of a farm and is based on the theory that the defendant did not tender a marketable title. The vendor interposed a counterclaim to recover the balance due under the contract.

*Stagg & Heath* [*Riley H. Heath* of counsel], for the plaintiff, appellant, and the defendant, appellant.

*Newman & Newman* [*Charles H. Newman* of counsel], for the respondent.

PER CURIAM. It appears that the plaintiff has abandoned the premises he purchased by contract from the defendant, though

there is no express finding to that effect. It appears further that besides assuming a mortgage for $4,700 he has paid $5,000 on the principal, and judgment has been rendered against him for $3,185.20, the sum remaining unpaid on principal and interest. The personal property he bought with the farm was valued at $2,750. This has been released by defendant Matter. Improvements of considerable cost have been added to the farm by plaintiff. If this judgment is given full effect, the defendant will have his farm back with the improvements, more than $5,000 in money besides interest, and a judgment against plaintiff for $3,469.12 including costs. This does not seem equitable. The defendant's answer sets up claims and demands for equitable relief. He must do equity by the plaintiff in obtaining his own remedy. It is quite evident that a judgment providing that plaintiff may have the farm by paying the balance due within thirty days awards him no equitable remedy. It is a mere gesture. The interest of the parties in the property should be determined by a sale. The judgment should be modified by striking out the portion barring and foreclosing the plaintiff and the defendant Florence Hudson of all right, title and interest under the contract unless the balance of the purchase price is paid within thirty days, and providing for the usual sale on foreclosure with provisions for disposing of the surplus or for deficiency judgment, and the action remitted to the Special Term to take such further proceedings, including amending the judgment in accordance with this opinion, as the parties may be advised, without costs on this appeal. In other respects the judgment should be affirmed.

VAN KIRK, Acting P. J., HINMAN, McCANN and DAVIS, JJ., concur; COCHRANE, P. J., not voting.

Judgment modified in accordance with opinion, and case remitted to the Special Term to take further proceedings in accordance with the opinion. In other respects judgment is affirmed, without costs.