OPINION OF THE COURT
Thomas E. Mercure, J.
Plaintiffs, in an action for ejectment, seek an order awarding them possession of certain real property consisting of a one-family dwelling house in the Town of Galway, Saratoga County, New York.
On December 17, 1981, plaintiffs entered into an agreement with the defendant and Bruce C. Thompson to sell the aforesaid property to them. After execution of the contract, the defendant and Bruce C. Thompson entered into possession of the property. The purchase price of the premises was $44,900.
The contract contained the following provision as paragraph 15 (a): “If at the time of Buyer’s default, Buyer’s total payments on account of principal (down payment plus principal allocation from monthly payments calculated from amortization table) amount to less than twenty-five percent (25%) of the purchase price of $44,900.00, then Buyers shall forfeit all payments made as being rent and Sellers shall have the right to re-enter and regain possession of the premises by summary proceeding or otherwise, *240 and Buyers shall have no further rights against the Sellers.”
Twenty-five per cent of the purchase price amounts to $11,222. The defendant and Bruce C. Thompson have paid a total of principal in the sum of $10,299.09, or 23% of the purchase price.
The contract provided that the defendant and Bruce C. Thompson were to make monthly payments of principal and interest of $367.58 and one twelfth of the annual taxes into an escrow account at Ballston Spa National Bank. The defendant and Bruce C. Thompson failed to make the payment due on April 17,1983 and, in accordance with the notice provisions of the contract, were sent written notice of default by certified mail, return receipt on May 5,1983. The defendant and Bruce C. Thompson failed to make the payment due on May 17, 1983 and, once again, were provided with written notice of default on June 3, 1983.
In July, 1983, the said Bruce C. Thompson surrendered possession of the property to plaintiffs, but defendant refuses to do so. Defendant has also defaulted in making the June, 1983, July, 1983 and August, 1983 payments. Plaintiffs allege, upon information and belief, that the electric power to the premises was terminated by the utility company on August 12, 1983, and that the defendant has not resided in the premises since that time.
It is uncontroverted that the contract in question was drafted by defendant’s attorney.
Defendant argues that the question of whether the default provisions in said contract are unconscionable and whether they constitute a prohibited penalty or forfeiture, is a mixed question of law and fact and is, therefore, not a proper subject for summary judgment.
Plaintiffs argue that the initial transaction was brought about through the services of a real estate broker to whom they were obligated to pay a commission of $3,143; that if the relief requested is granted, they will be obligated to obtain the services of a real estate broker to resell the premises and, presumably, be responsible for another commission in excess of $3,000; that they have been compelled to make payments on the underlying mortgage from April, *241 1983 to date; and that they have incurred substantial attorney’s fees solely by reason of defendant’s default. Plaintiffs argue that, under the circumstances, the default provisions of the contract cannot hardly be considered a penalty and forfeiture.
The question which I must resolve is whether, upon these facts, the instant transaction should be deemed an equitable mortgage which can be terminated only by a foreclosure sale.
Without question, the equity of redemption has deep roots in Anglo-American jurisprudence. “A unilateral contract that deprives a prospective purchaser from defending his growing equity in the purchased premises is unconscionable and inequitable.” (Gerder Servs. v Johnson, 109 Misc 2d 216, 217.) Some cases have applied equitable principles to avoid forfeiture. (See Hudson v Matter, 219 App Div 252; De Witt v Patterson, 282 App Div 827; Ruiz v Crespi, 46 AD2d 44.)
However, the so-called forfeiture rule (see 62 NY Jur, Vendor and Purchaser, § 137) also has deep roots in our jurisprudence. (See Havens v Patterson, 43 NY 218; Page v McDonnell, 55 NY 299; Lawrence v Miller, 86 NY 131; Friedland v Argentor Holding Corp., 242 NY 532.)
Plaintiffs are entitled to an order of ejectment. The contract should not be construed to be an equitable mortgage under the facts and circumstances of this case. The contractual provision in question, which was drafted by defendant’s own attorney, protected defendant and Bruce C. Thompson, by providing, in effect, that if 25% or more were paid on principal, they would have an equity of redemption in an equitable mortgage. This contract was freely entered into at a time when all parties knew that the down payment was $10,000, or 22% of principal.
It can reasonably be inferred that, in entering into this contract with the provision as paragraph 15 (a), the parties were aware of the broker’s commission and legal fees involved in the transaction. It can also be reasonably inferred that the parties contemplated that there would be additional expenses in the case of a default, including another broker’s commission.
*242 The precise damages not being readily ascertainable at the time the contract was entered into, this liquidated damage clause does not constitute a penalty. A liquidated damages provision must be reasonable under the circumstances. Under these circumstances, the amount sought to be retained as liquidated damages was a reasonable forecast of just compensation for the harm caused by the breach.
Several cases in various jurisdictions have reached the same result. See Modern Status of Defaulting Vendee’s Right to Recover Contractual Payments Withheld by Vendor as Forfeited (Ann., 4 ALR 4th 993); see Valenti v Coral Reef Shopping Center (316 So 2d 589, cert den 330 So 2d 727 [Fla]), which involved deposits of $50,000 on a purchase price of $200,000; Fullmer v Blood (546 P2d 606 [Utah]), which involved a forfeiture of $12,150 by vendees on a purchase price of $47,817; and Zirinsky v Sheehan (413 F2d 481, cert den 396 US 1059), which involved a forfeiture of $500,000 on a purchase price of $2,750,000.
Plaintiffs’ motion for summary judgment is granted.