■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WALLS, JR., Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Orlando, J.), rendered January 23, 1981, convicting him of murder in the second degree (two counts), burglary in the second degree, robbery in the first degree (four counts), and grand larceny in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in failing to suppress a letter containing inculpatory statements written by him to a material witness while in police custody, and the testimony of this witness. He claims that both at the time he wrote the letter, and when the witness later came to visit him in prison, she was unknowingly acting as an agent for the prosecution, and that his admissions in the letter and statements were thus obtained in violation of his right to counsel. However, a reading of the letter indicates from its tone, language and statements that it was a voluntary, spontaneous and unsolicited communication by the defendant to the witness. The mere fact that the defendant was in custody when he wrote and mailed the letter provides no basis to conclude that his right to counsel was implicated in what essentially constitutes a spontaneous statement *(see, People v Kaye,* 25 NY2d 139, 143).

The defendant's challenge to the admissibility of the witness's testimony is likewise without merit. He claims that the prosecution violated his right to counsel by arranging for the witness to visit him in prison without informing him or his attorney that she was cooperating with the prosecution. However, at that time the defendant had already pleaded guilty in full satisfaction of the instant indictment and was awaiting sentencing. Thus, contrary to the defendant's assertions and

according to the testimony of the witness at the suppression hearing, the purpose of the witness's visit was not to elicit statements to be used against him by the prosecution, but rather to refresh her recollection as to various statements made by the defendant's accomplices in preparation for her anticipated testimony at the codefendants' pending trial. It could not be anticipated by the prosecution, the witness or the defendant that his conviction, upon his plea of guilty, would subsequently be reversed by this court *(People v Walls,* 74 AD2d 833), and that the trial at issue would take place.

Moreover, the evidence in the record supports the conclusion that the witness obtained no new information as a result of her prison visit with the defendant. She had been present with him and his codefendant shortly after their commission of the crimes and heard them discuss the details of their participation in the incident, which the defendant reiterated thereafter in his letter to her. Under these unusual circumstances, we find no merit to the defendant's contention that the witness acted as a government agent improperly interrogating him to obtain incriminating evidence to be used against him, in violation of his constitutional right to counsel *(cf., People v Esposito,* 37 NY2d 156).

With respect to the defendant's contention concerning alleged errors in the court's charge on felony murder, we note that the Trial Judge was not bound to use the specific language requested by the defendant's attorney, and that the charge read as a whole, adequately conveyed to the jury the governing legal principles on this issue *(see, People v Dengler,* 109 AD2d 847).

The other contentions raised by the defendant have been considered to the extent preserved for appellate review and have been found to be without merit. Mangano, J. P., Eiber, Kunzeman and Harwood, JJ., concur.