■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR GUERRERO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered June 9, 1989, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to move to withdraw his plea of guilty before the court of first instance. Therefore, his claim that his plea was coerced by his lawyer is not preserved for appellate review (see, People v Pellegrino, 60 NY2d 636; People v Dexter, 135 AD2d 648; People v Coleman, 135 AD2d 646). Because the defendant failed to raise his claim of innocence and/or coercion at sentencing, the court had no duty to inquire further to ensure that the plea was knowing and voluntary (see, People v Lopez, 71 NY2d 662; People v Hladky, 158 AD2d 616). We note that there is nothing in the record to substantiate the defendant's contention that he filed a pro se memorandum raising the instant claims in the Supreme Court prior to sentencing. Moreover, on its face, the defendant's plea allocution was perfectly proper and belies his current claim of coercion (see, People v Harris, 61 NY2d 9, 17). Bracken, J. P., Kooper, Lawrence, Balletta and O'Brien, JJ., concur.