(May 27, 1993)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL A. RUDICEL, Appellant. [598 NYS2d 1005] —Appeal from a judgment of the County Court of Tioga County (Callanan, Sr., J.), rendered April 25, 1990, convicting defendant upon his plea of guilty of the crimes of murder in the second degree and burglary in the first degree.

Defendant was apprehended along with a codefendant in Indiana. While being held by Indiana authorities after *Miranda* warnings were given, defendant made an inculpatory statement. Defendant was subsequently transported to New York. After County Court denied a motion to suppress the statement made by defendant in Indiana, he pleaded guilty to one count of murder in the second degree and one count of burglary in the first degree. Defendant appeals.

We affirm. Defendant's argument that his statement should have been suppressed, because an Indiana law which prohibits the unilateral waiver of constitutional rights by a person

under 18 years of age absent the presence of counsel or, *inter alia,* a custodial parent was violated by Indiana authorities, was previously rejected by this Court on the appeal of defendant's codefendant *(see, People v Ostas,* 179 AD2d 893). We find no reason to reach a different conclusion in this case. Further, defendant's argument that his plea was coerced by defense counsel is unpreserved for appellate review and, in any case, without merit on this record *(see, People v Ryan,* 191 AD2d 814; *People v Guerrero,* 176 AD2d 348, *lv denied* 79 NY2d 857). Finally, we find no basis to disturb the sentence imposed by County Court given that the sentence, which was less than the harshest possible, was agreed to by defendant as a part of a negotiated plea agreement that allowed him to plead guilty to two counts in satisfaction of a four-count indictment *(see, People v Mackey,* 136 AD2d 780, *lv denied* 71 NY2d 899).

Weiss, P. J., Mikoll, Yesawich Jr., Levine and Mercure, JJ., concur. Ordered that the judgment is affirmed.