■ THOMAS R. MURRAY et al., Respondents, v GARY BRESKI, Appellant. [716 NYS2d 810] —Carpinello, J. Appeal from an order

---

of the Supreme Court (Moynihan, Jr., J.), entered April 14, 2000 in Washington County, which, *inter alia*, denied defendant's cross motion to dismiss the complaint for failure to state a cause of action.

In October 1992, the parties entered into an installment land contract pursuant to which defendant agreed to purchase real property in the Town of Easton, Washington County, for the sum of $200,000 payable via a $20,000 down payment and the balance in equal monthly installments of $1,250 each, including principal and interest, over a 40-year period. The installment land contract required plaintiffs to execute and deliver a deed to defendant only after the purchase price and all other amounts owed to them had been fully paid. It further provided that certain defaults by defendant, including his failure to timely pay any sum due under the contract or his failure to pay taxes on the property, would release plaintiffs from their obligation to convey the property and result in defendant's forfeiture of all of his rights under the contract.

After defendant failed to make the down payment (despite an addendum to the contract extending the time for payment), plaintiffs commenced an action which resulted in a September 25, 1996 "Stipulation and Forbearance Agreement." Pursuant to this stipulation, defendant was given the opportunity to cure various defaults. The stipulation specifically noted defendant's "desire to avoid having the said land contract terminated and any rights thereunder forfeited" and reaffirmed the parties' intention that the provisions of the installment land contract would otherwise remain in full force and effect.

In June 1999, plaintiffs commenced the instant action against defendant. The complaint alleges that defendant breached the installment land contract by failing to make numerous monthly installments, despite written notices to cure. The complaint seeks a declaration that plaintiffs' title to the property "is free and clear of any claim, right or lien of * * * defendant," as well as ejectment of defendant from the premises with an award of exclusive possession to them. In his answer, defendant claims that he has made substantial payments under the contract and "substantial improvements to the real property" such that the remedy of ejectment will not lie and that plaintiffs' proper remedy is foreclosure. In an affidavit in support of plaintiffs' ensuing motion for summary judgment, plaintiff Thomas R. Murray asserted that defendant failed to make monthly installment payments, failed to pay taxes on the property and failed to maintain insurance. He further averred that defendant's failure to pay for work and

materials in conjunction with certain construction work resulted in nearly $80,000 in mechanics' liens being filed against the property. In opposition to the summary judgment motion, defendant cross-moved to dismiss the complaint for failure to state a cause of action. Only defendant appeals from Supreme Court's denial of both motions.

The essence of defendant's cross motion was his claim that plaintiffs were required to proceed by way of an action to foreclose his equitable title to the property or by an action at law for the unpaid purchase price. It is undisputed that plaintiffs have since served an amended complaint adding a foreclosure cause of action. Thus, to the extent that defendant continues to assert that plaintiffs must "proceed by way of foreclosure," the instant appeal is moot. In any event, if as required, we afford the complaint liberal construction, deem the allegations against defendant to be true and accord plaintiffs the benefit of every possible favorable inference (*see, e.g., Leon v Martinez*, 84 NY2d 83, 87-88; *Rovello v Orofino Realty Co.*, 40 NY2d 633, 634-635), the preamendment complaint clearly stated a legally cognizable cause of action and dismissal was by no means warranted under CPLR 3211 (7). Said differently, even though plaintiffs' ultimate success on the merits may require the resolution of disputed factual issues in light of defendant's equitable defenses (*compare, Madero v Henness*, 200 AD2d 917, 918, *lv dismissed* 83 NY2d 906; *Heritage Art Galleries v Raia*, 173 AD2d 441, 441-442; *Call v La Brie*, 116 AD2d 1034, 1035; *Bean v Walker*, 95 AD2d 70, 72-74; *Gerder Servs. v Johnson*, 109 Misc 2d 216, *with Lind v Lind*, 203 AD2d 696, 698, *lv denied* 84 NY2d 803; *Hadlick v DiGiantommaso*, 154 AD2d 338; *McLacklan v Thompson*, 122 Misc 2d 239), the limited inquiry before this Court—whether the complaint states a cause of action—must be answered in the affirmative.

Cardona, P. J., Peters, Graffeo and Rose, JJ., concur. Ordered that the order is affirmed, with costs.