■ GROUND TO AIR CATERING, INC., Appellant, v DOBBS INTERNATIONAL SERVICES, INC., Respondent. [728 NYS2d 308] —Crew III, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered December 6, 2000 in Albany County, which granted defendant's motion to dismiss the complaint for failure to state a cause of action.

Defendant is a corporation engaged in the business of providing food service to the airline and railway industries including, during the relevant time period, catering services to the Albany International Airport in Albany County and the Amtrak train station in Rensselaer County. In 1997, defendant decided to sell the assets of its Albany-area operations. To that end James Russo, a former employee of defendant, formed plaintiff corporation to purchase and take over defendant's regional operations. In June 1997, Russo and a vice-president of defendant executed an asset purchase agreement, pursuant to the terms of which plaintiff agreed to purchase and defendant agreed to sell "all of [defendant's] assets used in the Business * * * including, without limitation, the following assets of the Business * * * Equipment * * * Inventory * * * Contracts * * * [and] Leased Equipment * * * sometimes collectively * * * referred to as the 'Assets.'" The goodwill of defendant's business was not specifically listed as one of the assets to be sold, nor was it expressly excepted from those assets included in the sale.

Plaintiff began supplying catering services at the airport and train station in September 1997. Around that time, Russo was

approached by one of defendant's employees and advised that defendant intended to bid on Amtrak's national commissary operations. Russo allegedly was asked to provide certain financial information and projections regarding plaintiff's operations at the train station to assist defendant in preparing its bid on the national contract. In exchange, Russo allegedly was told that if defendant succeeded in obtaining the national contract, it would subcontract with plaintiff to continue to provide food service at the Rensselaer County train station.

Although it appears that defendant ultimately was awarded the national contract with Amtrak, it thereafter refused to subcontract with plaintiff with respect to operations at the Rensselaer County train station, prompting plaintiff to commence this action against defendant alleging breach of contract, breach of good faith and fair dealing and unfair competition. Defendant moved to dismiss, contending that the complaint failed to state a cause of action. Supreme Court granted the motion and this appeal ensued.

As a starting point, "[w]here, as here, the parties have agreed on the law that will govern their contract, it is the policy of the courts of this State to enforce that choice of law" (*Finucane v Interior Constr. Corp.*, 264 AD2d 618, 620). Hence, as the asset purchase agreement provided that it would be construed and governed by the laws of Tennessee, Tennessee substantive law will apply. Having elected to litigate this matter in New York, however, the procedural laws of this State control (*see, Martin v Dierck Equip. Co.*, 43 NY2d 583, 588; *People v Ostas*, 179 AD2d 893, 894, *lv denied* 80 NY2d 932). To that end, "[t]he rules governing our review of a motion to dismiss pursuant to CPLR 3211 (a) (7) are both simple and straightforward—we must afford the complaint a liberal construction, accept as true the allegations contained therein, accord the plaintiff the benefit of every favorable inference and determine only whether the facts alleged fit within any cognizable legal theory" (*1455 Washington Ave. Assocs. v Rose & Kiernan*, 260 AD2d 770, 770-771; *see, Murray v Breski*, 277 AD2d 867, 869).

Applying these principles to the matter before us, we are persuaded that plaintiff's second cause of action, wherein it is alleged that defendant interfered with the goodwill purchased by plaintiff, is sufficient to survive a motion to dismiss under CPLR 3211 (a) (7). Under Tennessee law, the goodwill of a business is defined as "the reasonable expectation of its continued profitable operation" (*Young v Cooper*, 30 Tenn App 55, 73, 203 SW2d 376, 384) and is recognized as property or an asset that may be freely sold or transferred (*Bradford & Car-*

*son v Montgomery Furniture Co.*, 115 Tenn 610, 92 SW 1104, 1109; *Young v Cooper, supra*, 30 Tenn, at 73, 203 SW2d, 384). Defendant argues that it sold plaintiff only its assets, not its entire business or operating name, and, hence, plaintiff cannot be said to have acquired the goodwill associated with defendant's Albany-based operations. While defendant may ultimately prevail on this point, the fact remains that the underlying asset purchase agreement does not conclusively resolve whether plaintiff indeed purchased the goodwill of defendant's business. As noted previously, the subject agreement provided that plaintiff purchased "all of [defendant's] assets used in the Business * * * including, without limitation," equipment, inventory, contracts and leased equipment. The disputed goodwill was not expressly transferred, nor was it expressly excepted from those assets included in the sale. Thus, at the very least, there is a question of fact as to whether plaintiff purchased the goodwill of defendant's business and, as such, Supreme Court erred in dismissing plaintiff's second cause of action.

We reach a similar conclusion with regard to plaintiff's breach of contract claim. Even accepting that defendant's successful bid on Amtrak's national commissary operations and its subsequent refusal to subcontract the Rensselaer County train station work to plaintiff did not constitute a breach of the asset purchase agreement, plaintiff has alleged sufficient facts which, if true, give rise to a cause of action for breach of an oral contract. As noted previously, plaintiff alleged that, subsequent to the execution of the asset purchase agreement and at defendant's request, it provided defendant with certain financial information to assist defendant in preparation of the aforementioned bid. In exchange, defendant allegedly promised to subcontract with plaintiff to continue to provide food service at the Rensselaer County train station. While defendant may have a defense to this alleged oral agreement, the record does not conclusively establish such defense at this juncture and, as such, plaintiff's breach of contract claim is sufficient to survive a motion to dismiss. Plaintiff's remaining contention, that Supreme Court erred in dismissing its unfair competition cause of action, has been examined and found to be lacking in merit.

Cardona, P. J., Mercure, Mugglin and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion to dismiss the first and second causes of action of the complaint; motion denied to that extent; and, as so modified, affirmed.