■ VIRGEM ENTERPRISES, INC., Doing Business as EGGERY INN, Respondent, v CITY OF NEW YORK, Appellant. [736 NYS2d 467] —Rose, J. Appeal from an order of the Supreme Court (Connor, J.), entered November 1, 2000 in Greene County, which partially denied defendant's motion to dismiss the complaint for failure to state a cause of action.

Plaintiff is the owner of a country inn located in the Village of Tannersville, Greene County. Pursuant to a 1990 consent order settling discharge permit violations alleged by the Department of Environmental Conservation (hereinafter DEC) in defendant's operation of its then existing Tannersville Wastewater Treatment Plant, defendant constructed a new treatment facility (hereinafter the plant) on land near plaintiff's property, substantially completing it in May 1997. Plaintiff commenced this action in 1999, alleging that the plant's construction and operation interferes with the use of its property, resulting in a reduced property value and lost business. Defendant moved to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), and Supreme Court partially denied the motion. Defendant appeals.

"The rules governing our review of a motion to dismiss pursuant to CPLR 3211 (a) (7) are both simple and straightforward—we must afford the complaint a liberal construction, accept as true the allegations contained therein, accord the plaintiff the benefit of every favorable inference and determine only whether the facts alleged fit within any cognizable legal theory * * *" (*1455 Washington Ave. Assoc. v Rose & Kiernan*, 260 AD2d 770, 770-771 [citation omitted]; *see, Cron v Hargro Fabrics*, 91 NY2d 362, 366; *Murray v Breski*, 277 AD2d 867, 869). Where the complaint's allegations are, however, flatly contradicted by documentary evidence, they are no longer

presumed to be true or accorded every favorable inference (*see, Biondi v Beekman Hill House Apt. Corp.*, 257 AD2d 76, 81, *affd* 94 NY2d 659; *see also, Maas v Cornell Univ.*, 94 NY2d 87, 91). In such a case, the criterion becomes "whether the proponent of the pleading has a cause of action, not whether he has stated one" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275).

We are persuaded that plaintiff's causes of action under Public Health Law §§ 1104 and 1105 must be dismissed because the 1990 DEC consent order, which specifically required construction of the new plant, constitutes documentary evidence refuting plaintiff's allegation in its complaint that the plant was constructed as a result of later-enacted regulations set forth in the New York City watershed regulations (15 RCNY 18-39 *et seq.* [hereinafter the watershed regulations]). Public Health Law § 1104 (3) and § 1105 (1) provide injured property owners with a cause of action for compensation where either the execution or enforcement of the watershed regulations "injuriously affect" private property. Supreme Court concluded that a cause of action survived under both sections because plaintiff had alleged that the plant was constructed "as a result of" those regulations.

The 1990 consent order, however, flatly contradicts plaintiff's allegation. Further, it is undisputed that the watershed regulations did not take effect until April 30, 1997, just 14 days before the plant was substantially completed, and the attachments to the consent order do not include the watershed regulations among those with which the plant's construction was to comply. Although Supreme Court could have considered any evidentiary material submitted by plaintiff to remedy this defect in the complaint (*see, Guggenheimer v Ginzburg*, 43 NY2d 268, *supra*; *Rovello v Orofino Realty Co.*, 40 NY2d 633), the record contains no evidence that the plant was, in fact, constructed as a result of the watershed regulations. Since the record fails to support the finding that plaintiff stated a claim for an injury caused by those regulations, Supreme Court erred in not dismissing all claims under Public Health Law § 1105.

The same deficiency also should have led Supreme Court to dismiss plaintiff's claim under Public Health Law § 1104. It was not accurate for the court to state that "plaintiff submits a lengthy Department of Health Declaratory ruling which found that the expansion of the Tannersville plant, to the extent it was required to comply with the standards imposed by the new [w]atershed [r]egulations, comes within § 1104." The record reveals that the ruling in question did not specifically consider defendant's construction of the plant (*see*, New York State

Dept. of Health Declaratory Ruling [Sept. 27, 1993]). While this ruling opined that defendant would be liable for construction, maintenance and operation costs under section 1104 (1) *if* the watershed regulations required physical modifications or replacement of an existing sewage treatment facility, its mere citation fails to cure plaintiff's omission of any evidence that the construction of the plant was undertaken to comply with the watershed regulations.

We also find merit in defendant's argument that the complaint fails to state a cause of action under Administrative Code of the City of New York § 5-423 (a), which provides that "[t]he owner of any real estate * * * situate in the count[y] of * * * Greene, directly or indirectly decreased in value by reason of the acquiring of land by [defendant] for an additional water supply or by reason of the execution of any plans for such additional water supply by [defendant] * * * shall have a right to damages for such decrease in value." Plaintiff does not allege that its injuries resulted from a land acquisition or other action taken by defendant to provide an additional water supply. Despite Supreme Court's recitation that plaintiff had alleged that defendant's work on the plant had to do with a plan relating to additional water supply, neither the complaint nor plaintiff's papers opposing defendant's motion make such a claim. Thus, Supreme Court erred in not dismissing the claim under Administrative Code § 5-423, for failure to state an essential element of the purported cause of action.

Crew III, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied defendant's motion; motion granted in its entirety and complaint dismissed; and, as so modified, affirmed.