State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered: October 30, 2014                     517897
_____

GARY T. HARKER, as a Member of
    3H Corporate Services,
    LLC,
                        Appellant,

        v                                          MEMORANDUM AND ORDER

JOAN GUYTHER,
                        Respondent.
_____

Calendar Date:   September 3, 2014

Before:   Peters, P.J., Lahtinen, Garry, Rose and Clark, JJ.

_____

        Hinshaw & Culbertson, LLP, New York City (Philip Touitou of
counsel), for appellant.

        Bartlett, Pontiff, Stewart & Rhodes, PC, Glens Falls
(Malcolm B. O'Hara of counsel), for respondent.

_____

Garry, J.

        Appeal from an order of the Supreme Court (Chauvin, J.),
entered September 23, 2013 in Saratoga County, which denied
plaintiff's motion for summary judgment.

        In 2003, plaintiff and defendant entered into an operating
agreement by which they each held a 50% membership interest in 3H
Corporate Services, LLC (hereinafter the company), a Delaware
limited liability company.  In 2008, the parties agreed to have
the company begin paying for their health insurance coverage as
an employment benefit.  They later disagreed over various
business issues, including a claim made by defendant that, as the
costs of plaintiff's family health insurance coverage were

greater than her own individual plan, the benefit derived by plaintiff was inconsistent with his 50% membership interest. In January 2012, defendant advised plaintiff that she had withdrawn $3,144 from the company's operating account to reimburse herself for this allegedly disproportionate distribution of company funds during the previous six months, and that she would continue to withdraw funds on a monthly basis for this purpose until alternate arrangements were made. Plaintiff demanded that defendant return the funds; when she refused, he sought to terminate her employment and interest in the business. To this end, he obtained an appraisal of her ownership interest, and thereafter commenced this action seeking a declaratory judgment and other relief, essentially contending that defendant had engaged in conduct constituting grounds for termination. Following joinder of issue, plaintiff moved for summary judgment, seeking a declaration that defendant's employment had been properly terminated and directing that her membership interest be sold to plaintiff for a stated sum, in accord with the terms of the operating agreement. Supreme Court denied the motion, and plaintiff appeals.

The parties' disagreement centers upon a provision in their operating agreement stating that "embezzlement or substantial misappropriation of the [c]ompany's assets by [a m]ember employee in excess of $1,000" shall be grounds for terminating the member's employment. In denying plaintiff's motion, Supreme Court found that he had not met his prima facie burden to establish as a matter of law that defendant's conduct constituted misappropriation within the meaning of this provision. Plaintiff contends that the court erred in failing to apply the clear and unambiguous terms of the agreement.[1]

The operating agreement provides that it is to be governed and construed under Delaware law. Accordingly, Delaware law governs the substantive interpretation of the agreement — including the meaning of the term "misappropriation" — while New

_____

[1] The complaint also alleged that defendant's conduct constituted embezzlement, but plaintiff's arguments upon appeal are limited to "substantial misappropriation."

York law applies to procedural issues (see Ground to Air Catering v Dobbs Intl. Servs., 285 AD2d 931, 932 [2001]; RMS Partners Tivoli Co. v Uccellini, 249 AD2d 788, 791 [1998]). The operating agreement includes a detailed section that defines many of the terms used therein, but provides no definition of the term "misappropriation." We reject plaintiff's claim that the disputed provision is defined by the monetary standard of $1,000. This monetary baseline may be fairly read in the agreement to define "substantial," but does not define the operative term. "Under well-settled case law, Delaware courts look to dictionaries for assistance in determining the plain meaning of terms which are not defined in a contract" (Lorillard Tobacco Co. v American Legacy Foundation, 903 A2d 728, 738 [Del 2006] [citations omitted]; see Allen v Encore Energy Partners, LP, 72 A3d 93, 104 [Del 2013]; Pacific Co. v Liberty Mut. Ins. Co., 956 A2d 1246, 1255 n 35 [Del 2008]; see also Angstadt v Red Clay Consolidated School Dist., 4 A3d 382, 390 [Del 2010]). Black's Law Dictionary defines "misappropriation" as "[t]he application of another's property or money dishonestly to one's own use" (Black's Law Dictionary [9th ed 2009], misappropriation [emphasis added]). That entry is cross-referenced with the definition of "embezzlement," which is "[t]he fraudulent taking of personal property with which one has been entrusted, esp[ecially] as a fiduciary" (Black's Law Dictionary [9th ed 2009], embezzlement [emphasis added]). Another dictionary defines "misappropriate" alternatively as "to put to a wrong use" or "to apply wrongfully or dishonestly, as funds entrusted to one's care" (Random House Webster's Unabridged Dictionary [3d ed 1999] [emphasis added]). Moreover, as used in Delaware law, the term "misappropriation" often implies dishonest or wrongful intent, or breach of duty (see e.g. 6 Del C § 2001 [1], [2] [misappropriation of trade secrets]; In re Vanderslice, 55 A3d 322, 326 [Del 2012] [attorney committed theft by "misappropriating" client funds]; Lingo v Lingo, 3 A3d 241, 242, 244 [Del 2010] [attorney-in-fact committed a "breach of trust" by misappropriating funds]).

Accordingly, we agree with Supreme Court that the plain meaning of "misappropriation" carries a connotation of fraudulent — or, at a minimum, wrongful — intent, and that plaintiff did not prove as a matter of law that defendant acted with such intent in withdrawing the disputed funds. Moreover, even if plaintiff had

been deemed to have met his prima facie burden, defendant's contention that she did not act with any fraudulent or wrongful intent and that she believed that, as a member of the company, she was fully authorized to make the disputed withdrawal gives rise to triable issues of fact barring summary judgment as to whether her conduct constituted "substantial misappropriation" providing grounds to terminate her employment (see RWI Acquisition LLC v Todd, 2012 Del Ch LEXIS 125, *28-29, 2012 WL 1955279, *7 [Del Ch May 30, 2012]; see generally CPLR 3212 [b]). The parties' further contentions depend upon the determination of whether defendant's employment was properly terminated, and must await resolution at trial.

Peters, P.J., Lahtinen, Rose and Clark, JJ., concur.

ORDERED that the order is affirmed, with costs.

ENTER:

Robert D. Mayberger
Clerk of the Court