Macumber v South New Berlin Lib. (2020 NY Slip Op 05113)





Macumber v South New Berlin Lib.


2020 NY Slip Op 05113


Decided on September 24, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 24, 2020

530462

[*1]Lynn Macumber, Appellant,
v
South New Berlin Library et al., Respondents.

Calendar Date: August 19, 2020

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Pritzker, JJ.


Law Office of Ronald R. Benjamin, Binghamton (Ronald R. Benjamin of counsel), for appellant.
Smith, Sovik, Kendrick & Sugnet, PC, Syracuse (Christopher F. DeFrancesco of counsel), for respondents.



Devine, J.
Appeal from an order of the Supreme Court (Burns, J.), entered September 18, 2019 in Chenango County, which granted defendants' motion for summary judgment dismissing the complaint.
Plaintiff was the president of the Board of Trustees (hereinafter the Board) of defendant South New Berlin Library (hereinafter the library). Defendant Marcia Hoag was also a Board member and, in July 2017, sent an email to employees of the State Education Department in which she claimed to have "proof from [the library's] bank statements that [plaintiff] has misappropriated over $20,000 of taxpayer money" and advocated for plaintiff's removal from the Board. Plaintiff eventually resigned from the Board and, viewing Hoag's accusation to be defamatory, commenced this action in 2018. Following joinder of issue, defendants moved for summary judgment dismissing the complaint. Supreme Court held the motion in abeyance pending additional discovery (see CPLR 3212 [f]), then granted the motion upon the ground that Hoag's statement was protected by a qualified privilege. Plaintiff appeals, and we affirm.
"Courts have long recognized that the public interest is served by shielding certain communications, though possibly defamatory, from litigation, rather than risk stifling them altogether" (Liberman v Gelstein, 80 NY2d 429, 437 [1992] [citation omitted]; see Rosenberg v MetLife, Inc., 8 NY3d 359, 365 [2007]). Those communications include ones protected by the qualified privilege that attaches to a person's good faith communication "upon a subject in which he or she has an interest, or a legal, moral or societal interest to speak, and
. . . made to a person with a corresponding interest" (Cusimano v United Health Servs. Hosps., Inc., 91 AD3d 1149, 1150 [2012] [internal quotation marks and citations omitted], lv denied 19 NY3d 801 [2012]; accord Mughetti v Makowski, 162 AD3d 1444, 1446 [2018]; see Stega v New York Downtown Hosp., 31 NY3d 661, 669-670 [2018]). As a member of the Board tasked with approving and overseeing the expenditure of library funds, Hoag had an interest in addressing any misappropriation of those funds by plaintiff, and she raised that issue in an email to state officials with a corresponding oversight role and the authority to take corrective action (see Education Law §§ 226 [4]; 260; 8 NYCRR 3.31, 90.1). Defendants further came forward with proof that Hoag made the communication in good faith, with Hoag and other Board members averring that their review of financial records, as well as plaintiff's refusal to provide requested documentation, caused them to believe that plaintiff had made numerous questionable, unauthorized and/or undocumented expenditures of library funds.[FN1] This proof made out a prima facie case that Hoag's communication was conditionally privileged and, as a result, the burden shifted to plaintiff to show that the privilege did not apply because Hoag was "motivated by malice alone when she made" that statement (Mughetti v Makowski, 162 AD3d at 1446; see Hull v Town of Prattsville, 145 AD3d 1385, 1390 [2016]; Wilcox v Newark Val. Cent. School Dist., 74 AD3d 1558, 1562 [2010]).
Malice, in this context, means that Hoag accused plaintiff of misappropriating library funds "out of personal spite or ill will, with reckless disregard for the statement['s] truth or falsity, or with a high degree of belief that [the statement was] probably false" (Foster v Churchill, 87 NY2d 744, 752 [1996]; see Scott v Thayer, 160 AD3d 1175, 1177 [2018]; Hull v Town of Prattsville, 145 AD3d at 1390). Plaintiff documented how a later criminal investigation uncovered no wrongdoing on her part, but provided nothing to show that Hoag knew, or recklessly disregarded the risk, that her claim of financial misappropriation was false when it was made. Further, although Hoag had reasons to dislike plaintiff, spite or ill will in the defamation context "refers not to [a] defendant's general feelings about [the] plaintiff, but to the speaker's motivation for making the defamatory statements" (Liberman v Gelstein, 80 NY2d at 439; accord Clark v Schuylerville Cent. School Dist., 74 AD3d 1528, 1529 [2010]). Inasmuch as the proof reflects that the inquiry into library spending by Hoag and other Board members was at least part of what led Hoag to accuse plaintiff of misappropriating funds, "even if [Hoag] disliked plaintiff or possessed some ill will towards her, plaintiff has failed to make an evidentiary showing that [Hoag was] motivated by malice alone in making the statement[]" (Cusimano v United Health Servs. Hosps., Inc., 91 AD3d at 1151; see Foster v Churchill, 87 NY2d at 752; Clark v Schuylerville Cent. School Dist., 74 AD3d at 1529). Thus, plaintiff failed to raise a material question of fact, and Supreme Court properly granted summary judgment dismissing the complaint.
To the extent that plaintiff's remaining arguments are not rendered academic by the foregoing, they have been examined and are unavailing.
Egan Jr., J.P., Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: Contrary to plaintiff's contention, although the word misappropriation often implies illegal or fraudulent conduct (see Harker v Guyther, 121 AD3d 1468, 1470 [2014]), Hoag did not accuse plaintiff of theft or fraud in her email and instead cited specific expenditures that were wrongful because plaintiff had not obtained Board approval as required.