■ GARY SMITH, Respondent-Appellant, v UNITED CHURCH MINISTRY, INC., et al., Appellants-Respondents. [623 NYS2d 46]

—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In a letter to plaintiff's employer, defendant Raymond L. Graves referred to plaintiff as "the killer of Calvin Green." It is not disputed that plaintiff, while a City of Rochester police officer, shot and killed Calvin Green during a pursuit. A Grand Jury cleared plaintiff of any criminal wrongdoing in the case. Plaintiff contends that the term "killer" is reasonably susceptible of a defamatory meaning *(see, Weiner v Doubleday & Co.,* 74 NY2d 586, 592, *cert denied* 495 US 930; *Silsdorf v Levine,* 59 NY2d 8, 12-13, *cert denied* 464 US 831), and thus that part of defendants' motion for summary judgment dismissing the defamation cause of action properly was denied. We disagree.

"It is axiomatic that truth is an absolute, unqualified defense to a civil defamation action * * * and that substantial truth is all that is required [citations omitted]" *(Schwartzberg v Mongiardo,* 113 AD2d 172, 174, *lv denied* 68 NY2d 602). The proof establishes that plaintiff killed Calvin Green by shooting him three times during a police chase and therefore was the "killer" of Calvin Green. The term "kill" is defined as "[t]o deprive of life; to destroy the life of an animal or person" (Black's Law Dictionary 870 [6th ed 1990]). Because plaintiff does not dispute that he killed Calvin Green, plaintiff cannot dispute that he was the "killer" of Calvin Green. Because the statement is true, there is no need for the court to consider whether the statement is reasonably susceptible of a defamatory meaning *(cf., Weiner v Doubleday & Co., supra; Park v Capital Cities Communications,* 181 AD2d 192, *appeal dismissed* 80 NY2d 1022, *lv dismissed* 81 NY2d 879).

Additionally, plaintiff contends that other portions of Graves's letter are defamatory. We disagree. The reference to "an indirect complaint about [plaintiff's] behavior" is vague and does not identify the nature of the complaint or the identity of the party who made the complaint. The statement does not discredit plaintiff in the conduct of his occupation or business.

We have considered the remaining contentions raised by the parties and conclude that they are without merit. (Appeals from Order of Supreme Court, Monroe County, Frazee, J.—Summary Judgment.) Present—Denman, P. J., Pine, Lawton, Doerr and Davis, JJ.