■ ARTHUR W. DEC, Respondent-Appellant, v AUBURN ENLARGED SCHOOL DISTRICT et al., Appellants-Respondents. (Appeal No. 1.) [672 NYS2d 591] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff, a high school teacher and coach formerly employed by defendant Auburn Enlarged School District (School District), commenced this action against the School District and defendant Board of Education of Auburn Enlarged School District (Board) and its individual members alleging causes of action for defamation, breach of contract, fraud, negligence and intentional infliction of emotional distress. The action was based upon an article published in a local newspaper stating that plaintiff resigned from his teaching position after an investigation of alleged sexual misconduct involving inappropriate behavior with several female students. The article noted that Board members, who spoke on condition of anonymity, confirmed the allegations of impropriety. Following joinder of issue, defendants moved to amend their answer to assert the additional affirmative defenses that plaintiff's breach of contract causes of action were barred by the Statute of Frauds and the doctrine of accord and satisfaction, that plaintiff's action was barred by the exclusive remedy provisions of the Workers' Compensation Law, and that plaintiff's defamation causes of action were barred by the doctrines of absolute and qualified privilege. Defendants also moved for summary judgment dismissing the complaint. Plaintiff opposed the motion and cross-moved for summary judgment on the causes of action for breach of contract.

Supreme Court properly denied defendants' motion insofar as it sought leave to amend the answer to assert the affirmative defenses of absolute privilege (*see, 600 W. 115th St. Corp. v Von Gutfeld,* 80 NY2d 130, 135-136, *rearg denied* 81 NY2d 759, *cert denied* 508 US 910; *Toker v Pollak,* 44 NY2d 211, 219), Statute of Frauds, accord and satisfaction, and the exclusive remedy provisions of the Workers' Compensation Law. Although leave to amend pleadings should be freely given (*see,* CPLR 3025 [b]; *Fahey v County of Ontario,* 44 NY2d 934), the denial of leave to amend is not an abuse of discretion where, as here, the proposed amendments manifestly lack merit or are " 'palpably insufficient on [their] face' " (*Washburn v Citibank [S. D.],* 190 AD2d 1057). The court, however, improvidently denied defendants' motion insofar as it sought leave to amend the answer to assert the affirmative defense of qualified privilege to the defamation causes of action (*see, ATN Marts v Ireland,* 195 AD2d 959).

The court properly denied defendants' motion insofar as it sought summary judgment dismissing the causes of action for defamation. Defendants failed to establish sufficiently their defense that the statements in the newspaper article were true (*see, Smith v United Church Ministry,* 212 AD2d 1038, 1039, *lv denied* 85 NY2d 806) to warrant the court as a matter of law to direct judgment in their favor (*see, Zuckerman v City of New York,* 49 NY2d 557, 562). In our view, plaintiff, as a public school teacher, should not be considered a public official who must establish that the allegedly defamatory statements were made with actual malice (*see, True v Ladner,* 513 A2d 257, 264 [Me]).

The court erred, however, in denying defendants' motion insofar as it sought summary judgment dismissing the cause of action for fraud because that cause of action arises out of the same facts that serve as the basis for the breach of contract causes of action and may not be independently asserted (*see, Schunk v New York Cent. Mut. Fire Ins. Co.,* 237 AD2d 913). The court also erred in denying defendants' motion insofar as it sought summary judgment dismissing the cause of action for intentional infliction of emotional distress; that cause of action is duplicative of the defamation causes of action (*see, Sweeney v Prisoners' Legal Servs.,* 146 AD2d 1, 7, *lv dismissed* 74 NY2d 842). The court also erred in failing to dismiss the causes of action for negligent infliction of emotional distress because plaintiff failed to allege that defendants' conduct unreasonably endangered plaintiff's physical safety (*see, Losquadro v Winthrop Univ. Hosp.,* 216 AD2d 533, 534).

The court properly denied plaintiff's cross motion for summary judgment on the causes of action for breach of contract. There are triable issues of fact whether there was an agreement to keep the circumstances surrounding plaintiff's resignation confidential and whether the publication of the statements in the newspaper article violated any such agreement.

We modify the order in appeal No. 1 by granting defendants' motion insofar as it sought summary judgment dismissing the causes of action for fraud and negligent and intentional infliction of emotional distress. We modify the order in appeal No. 2 by granting defendants' motion insofar as it sought leave to amend the answer to assert the affirmative defense of qualified privilege to the defamation causes of action. (Appeals from Order of Supreme Court, Cayuga County, Corning, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Callahan, Boehm and Fallon, JJ.