■ MICHAEL G. GREANEY et al., Appellants, v HERBERT SPRINGER et al., Respondents. [701 NYS2d 450] —Mikoll, J. Appeal from an order of the Supreme Court (Williams, J.), entered January 11, 1999 in Saratoga County, which, *inter alia*, granted certain defendants' motions for summary judgment dismissing the complaint against them.

In January 1998, plaintiffs commenced this action to set aside the 1996 tax sale and subsequent conveyances of real

property previously owned by them in the Town of Day, Saratoga County. Plaintiffs do not dispute that they failed to timely pay the taxes due on the property for the years 1992 through 1994, and received notices of such delinquencies in 1993, 1994 and 1996. They contend, however, that neither these notices nor any subsequent notifications from the County satisfied the requirements of RPTL 1002 (4).

Plaintiffs sought summary judgment on the ground that their documentary evidence clearly established the insufficiency of the notice of tax sale and their consequent entitlement to relief. At a minimum, they contended, such evidence was sufficient to raise a material issue of fact on the question, precluding defendant Keith L. Harris' and the municipal defendants' cross motion for summary judgment. Supreme Court granted defendants' motions for summary judgment dismissing the complaint and plaintiffs appeal.

Relying upon *Matter of Byrnes v County of Saratoga* (251 AD2d 795, 797), plaintiffs urge that the notices they received in 1993 and 1994 were insufficient as a matter of law in that such notices were silent as to the possibility of a sale. Any merit to this argument is vitiated by the fact that plaintiffs were indisputably given notice in January 1996 that the property would be sold at auction in March 1996 if the delinquent taxes were not paid. Likewise unavailing is plaintiffs' claim that the January 1996 notification was insufficient because it failed to specify the exact date in March 1996 on which the property would be sold. The record establishes that at plaintiffs' request, the March 1996 auction was postponed until October 2, 1996 to afford them an opportunity to pay the delinquent taxes prior to the sale. They were therefore aware that their property would be sold on October 2, 1996 if they failed to pay their taxes.

Since Supreme Court's order did not enunciate the basis upon which summary judgment was granted in favor of defendants, we briefly address defendants' claim that the action could not be maintained because plaintiffs failed to file a notice of claim pursuant to County Law § 52 and General Municipal Law §§ 50-e and 50-i. No notice of claim is required in an action against a municipality where money damages are demanded incidental to the equitable relief sought (*see, Dutcher v Town of Shandaken*, 97 AD2d 922, 923; *see also, Borntrager v County of Delaware*, 76 AD2d 969; *Torino v Town of Pleasant Valley*, 36 AD2d 963). Here, plaintiffs' primary objective was to set aside the tax sale and subsequent conveyances and to obtain a judgment declaring them to be the owners of the prop-

erty. Since any money damages sought were purely incidental to their attempt to regain title to the property, plaintiffs were not required to file a notice of claim.

Cardona, P. J., Yesawich Jr., Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.