■ Jack S. Ingber et al., Appellants, v Lawrence E. Lagarenne, Respondent. [750 NYS2d 172] —Peters, J. Appeal from an

order of the Supreme Court (Kavanagh, J.), entered July 31, 2001 in Sullivan County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiffs and defendant were former law partners from 1988 to 1993. In June 1998, plaintiffs commenced the instant action for defamation alleging that defendant made written and oral statements falsely accusing them of negotiating a settlement check by forging his name without authority, permission or consent. The check, in the amount of $24,000, was made payable to "Jack Ingber, Keith G. Ingber and Lawrence E. Lagarenne." Plaintiffs point to, inter alia, the following statement in a written letter delivered to George Dunkel, president of the Community Bank of Sullivan County where the check was deposited; plaintiffs were counsel to the bank and plaintiff Jack S. Ingber was Chair of the Board of Directors: "a certain check * * * dated March 31, 1998 payable to the order of [plaintiffs and defendant], in the sum of $24,000.00 which was drawn on Riverside Bank and negotiated, upon information and belief, by Jack Ingber and/or Keith G. Ingber * * * [was] deposited in an account entitled Ingber and Ingber, Esqs. * * * at your Bank on or about April 3, 1998. The back of said check reflects, amongst other things, the forged endorsement of my client, Lawrence E. Lagarenne and which forced endorsement was placed upon the back of said check without my client's knowledge, permission and/or consent." Defendant answered and asserted, as an affirmative defense, the truthfulness of his statements. Thereafter, his summary judgment motion resulted in dismissal of the complaint. Plaintiffs appeal, and we affirm.

A prima facie claim of defamation requires a making of a false statement which " 'tends to expose the plaintiff to public contempt, ridicule, aversion or disgrace, or induce an evil opinion of him in the minds of right-thinking persons, and to deprive him of their friendly intercourse in society' " (*Rinaldi v Holt, Rinehart & Winston*, 42 NY2d 369, 379, *cert denied* 434 US 969, quoting *Sydney v Macfadden Newspaper Publ. Corp.*, 242 NY 208, 211-212; *see Foster v Churchill*, 87 NY2d 744, 751; *Plataniotis v TWE-Advance/Newhouse Partnership*, 270 AD2d 627, 629). Even where a derogatory statement has been made, it remains well established that "truth is an absolute, unqualified defense to a civil defamation action" (*Schwartzberg v Mongiardo*, 113 AD2d 172, 174, *lv denied* 68 NY2d 602). As a defense, "truth need not be established to an extreme literal degree. Provided that the defamatory material on which the action is based is substantially true (minor inaccuracies are acceptable), the claim to recover damages * * * must fail" (*Love*

*v Morrow & Co.*, 193 AD2d 586, 587 [citation omitted]; *see Schwartzberg v Mongiardo, supra* at 174).

Within this framework, we reject plaintiffs' first contention that defendant was required to prove each and every element of the crime of forgery in the third degree (*see* Penal Law § 170.05) in order to establish truth as an affirmative defense in this civil libel action (*see Carter v Visconti*, 233 AD2d 473, 474, *lv denied* 89 NY2d 811; *Love v Morrow & Co., supra* at 587; *Schwartzberg v Mongiardo, supra* at 174). Here, defendant proffered both an admission made by plaintiff Keith G. Ingber that he endorsed defendant's signature to the subject check without defendant's knowledge or specific consent and his own affidavit denying that he ever gave plaintiffs authority to sign his name to either this or any other such check. Upon such proffer, we find that defendant set forth sufficient evidence establishing his statements as "substantially true" (*Carter v Visconti, supra* at 474), such that dismissal of the complaint was warranted as a matter of law (*see Zuckerman v City of New York*, 49 NY2d 557, 562).

With the burden shifted to plaintiffs to raise a triable issue of fact, they made unsubstantiated assertions that there existed a general course of conduct between all parties which implicitly authorized them to endorse defendant's name on checks. Yet, contrary to this asserted authority, and during the very same time period, they sought his signature on the general release which was part of the settlement. Moreover, as Supreme Court aptly noted, the parties' relationship at that time was highly contentious, as was the termination of their partnership five years earlier.* For these reasons, we find plaintiffs to have failed to sustain the required showing that there exists a triable issue of fact to preclude an award of summary judgment (*see id.* at 562).

Finally, we find no basis to award either costs or sanctions as there is nothing in the record to support the view that plaintiffs "pursued this appeal after the lack of factual or legal basis for the action became (or should have become) apparent" (*Gregware v Key Bank of N.Y.*, 218 AD2d 859, 861, *lv denied* 87 NY2d 803; *see Pierce v Moreau*, 221 AD2d 763, 764).

Cardona, P.J., Mercure and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.

---

* A termination of which resulted in litigation which was the subject of an appeal before this Court (*Lagarenne v Ingber*, 273 AD2d 735).