■ ARNOLD W. PROSKIN et al., Appellants, v HEARST CORPORATION et al., Respondents. [787 NYS2d 506]—

Kane, J. Appeal from an order of the Supreme Court (Cannizzaro, J.), entered October 1, 2003 in Albany County, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint.

Defendants, a Capital District newspaper, its parent corporation and its courthouse reporter, wrote and published an article about a recent federal court opinion overturning a conviction based on ineffective assistance of counsel by plaintiff Arnold W. Proskin (hereinafter plaintiff), a local attorney and former member of the Assembly. At the end of the article, the author noted as background information that "[a] former Albany County district attorney and county judge, [plaintiff's] political career fizzled after public revelations that he altered a client's will to leave $49,000 of the elderly woman's money to his own children." Plaintiff and his wife, derivatively, commenced this defamation action, alleging that defendants' article "imputed and declared that [plaintiff] committed a criminal felony act by altering a Will." Defendants moved for summary judgment on several grounds. Plaintiffs cross-moved for partial summary judgment on the issue of liability. Supreme Court denied the cross motion, granted defendants' motion and dismissed the complaint on the basis that the alleged defamatory statement was true. Plaintiffs appeal. We affirm.

A defamation action is subject to an absolute defense that the alleged defamatory statements are substantially true (see *Ingber v Lagarenne*, 299 AD2d 608, 609 [2002], *lv denied* 99 NY2d 507 [2003]; *Smith v United Church Ministry*, 212 AD2d 1038, 1039 [1995], *lv denied* 85 NY2d 806 [1995]; *Han v State of New York*, 186 AD2d 536, 537 [1992]). Plaintiffs bear the burden of proving that the statements are false, and the inquiry only advances to the issues of whether the statements are defamatory or published with malice after their falsity is established (see *Rinaldi v Holt, Rinehart & Winston*, 42 NY2d 369, 380 [1977]). Plaintiffs contend that the statement here is false because plaintiff only modified or changed his elderly client's will upon her request and at her insistence, while the article frames his act of altering the will as criminal behavior. Nowhere in the article did defendants state that plaintiff did anything illegal, felonious or criminal. The client's request and direction did not change the fact that plaintiff physically altered or modified the prior will (*compare Saunders v County of Washington*, 255 AD2d 788, 791 [1998] [the plaintiff's admission that she deleted computer files, albeit "in error," established truth of statement that

discrepancies were found in computer audit]). While plaintiff contends that the language employed in the article implied that he modified the will illegally, surreptitiously or without authority from his client, innuendo or adverse inferences are not enough to establish that the statement was false (*see Roche v Hearst Corp.*, 53 NY2d 767, 769 [1981]; *Tracy v Newsday*, 5 NY2d 134, 136 [1959]). As common dictionaries and thesauri list "alter" as interchangeable with modify or change, and plaintiff undeniably modified or changed his client's will, albeit with her permission and at her direction, the statement is true (*compare Saunders v County of Washington, supra*; *Miller v Journal-News*, 211 AD2d 626 [1995] [newspaper article substantially true because "suspended" and placed on "administrative leave" interchangeable under circumstances]). Because the statement is true, defendants have established entitlement to an absolute defense and we need not "consider whether the statement is reasonably susceptible of a defamatory meaning" (*Smith v United Church Ministry, supra* at 1039 [absolute defense of truth applied where police officer who justifiably but fatally shot suspect was called "the 'killer' of" suspect]).

Peters, J.P., Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.