■ Lee D. Harris et al., Appellants, v Town of Fort Ann et
al., Respondents, et al., Defendants. [825 NYS2d 804]—

Lahtinen, J. Appeal from a judgment of the Supreme Court
(Krogmann, J.), entered December 22, 2005 in Washington
County, which, inter alia, granted certain defendants' motions
to dismiss the complaint.

In June 2000, plaintiffs entered into a contract with Cellular
One to lease a small portion of their 37-acre farm in the Town
of Fort Ann, Washington County, for a telecommunications
tower. Cellular reserved the right to cancel the agreement in the
event that it could not obtain the necessary approval to
construct the tower from the Town. Plaintiffs and Cellular com-
menced the application process, and a group of individuals
organized to oppose the tower, calling themselves "PROTECT."
Following several Town meetings at which the tower was a topic
of discussion, there ostensibly was a verbal representation that
the application was going to be denied. The application was
withdrawn and resubmitted for a different area on plaintiffs'
property in September 2001. Also that same month the Town
enacted a six-month moratorium on all applications for telecom-
munications towers. The moratorium was extended as the issue
was studied by a local committee (which included one of the
plaintiffs) and an outside consultant. A local ordinance address-
ing such towers was adopted on April 3, 2002. Cellular ultimately
determined that, under the new ordinance, placement of a tower
on plaintiffs' property was not possible and, thus, terminated
its lease with plaintiffs on April 15, 2003.

Plaintiffs served a notice of claim on the Town on June 16,
2003 and, on April 8, 2004, commenced the current action
against the Town, the Town Board, certain Town officers,
PROTECT, and various individual participants of PROTECT.
Causes of action included defamation and tortious interference
with contract as to all defendants, and de facto taking of private
property against the Town defendants. Certain defendants made

motions to dismiss and for summary judgment. Supreme Court granted the motions, finding the defamation claims were time-barred, the tortious interference with contract claim failed to state a cause of action, and a timely notice of claim had not been filed as to the de facto taking cause of action. Plaintiffs appeal.

The statute of limitations for defamation is one year (see CPLR 215 [3]). The two letters by PROTECT that plaintiffs contend contained derogatory comments were written in 2001 and any allegedly slanderous statements by defendants were made by April 2002. The current action was commenced two years later, in April 2004. There is no showing of republication sufficient to retrigger the statute of limitations (see *Firth v State of New York*, 98 NY2d 365, 370-371 [2002]). We agree with Supreme Court that the defamation causes of action, which also suffer other fatal infirmities, are time-barred.

Plaintiffs limit their argument on appeal regarding the alleged tortious interference of contract to PROTECT and some individuals who participated in that group. This tort is not satisfied by conduct that is "merely negligent or incidental to some other, lawful, purpose" (*Alvord & Swift v Muller Constr. Co.*, 46 NY2d 276, 281 [1978]). Urging a governmental entity to take a particular action on a pending permit application is manifestly a lawful purpose (see US Const 1st Amend; Civil Rights Law § 76-a; *Villanova Estates, Inc. v Fieldston Prop. Owners Assn., Inc.*, 23 AD3d 160, 161 [2005]; see generally Governor's Mem approving L 1992, ch 767, 1992 McKinney's Session Laws of NY, at 2911). Even if such urging is undertaken in an unneighborly fashion and the position urged results in the loss of a potentially lucrative lease, this clearly does not give the disappointed permit applicants a viable cause of action for tortious interference of contract. Plaintiffs had a high burden of proof to avoid dismissal (see CPLR 3211 [g]), and they failed to meet that burden.

Lastly, we address plaintiffs' claim that the Town effected a de facto taking of their land through its regulation of telecommunications towers. Such claim is meritless since plaintiffs utterly failed to allege sufficient facts indicating that the regulation so restricted their property that they are "precluded from using it for any purpose for which it is reasonably adapted" (*de St. Aubin v Flacke*, 68 NY2d 66, 77 [1986]). In light of such defect, we need not address whether the notice of claim statute applied (see generally *Picciano v Nassau County Civ. Serv. Commn.*, 290 AD2d 164, 170-172 [2001]; see also *Grasso v Schenectady County Pub. Lib.*, 30 AD3d 814, 816-817 [2006];

*Greaney v Springer*, 266 AD2d 707, 708 [1999]) and, if so, whether plaintiffs' notice of claim was, as found by Supreme Court, untimely (*see generally Serkil, L.L.C. v City of Troy*, 259 AD2d 920, 922 [1999], *lv denied* 93 NY2d 811 [1999]).

Carpinello, J.P., Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, with one bill of costs.