Steven B. Nekos, Appellant, v Dean R. Kraus, Respondent. [878 NYS2d 827]—

Rose, J. Appeals (1) from an order of the Supreme Court (Work, J.), entered March 14, 2008 in Ulster County, which granted defendant's motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered July 11, 2008 in Ulster County, which denied plaintiff's motion for reconsideration.

Plaintiff was convicted in a town justice court of sexual abuse in the third degree, falsely reporting an incident in the third degree and certain traffic infractions. On appeal to County Court (Czajka, J.), those convictions were reversed on procedural grounds and all charges, except the sexual abuse charge, were dismissed. Plaintiff later pleaded guilty to disorderly conduct in satisfaction of the remaining charge. During plaintiff's later campaign for election to the office of town justice, defendant distributed flyers opposing plaintiff and describing the alleged conduct that had led to his initial convictions. The flyers also stated that the later reversal of those convictions on appeal "solely on technicalities . . . doesn't mean the underlying facts aren't true." Plaintiff then commenced this defamation action asserting that defendant's flyer falsely implied that he was

guilty of the original charges.[1] After issue was joined, defendant moved for summary judgment dismissing the complaint based upon his claim that, among other things, the factual statements in his flyer were true. Supreme Court granted defendant's motion and later denied plaintiff's motion for reargument, giving rise to these appeals.[2]

In support of his motion, defendant submitted an affidavit averring that the statements in his flyer were an accurate account of the charges against plaintiff and the subsequent reversal of his convictions on appeal. Defendant also submitted a newspaper article from 1999 which set forth the details of plaintiff's arrest and convictions, and the County Court decision which reversed those convictions, as proof that there was a factual basis for his statements. Inasmuch as truth is a complete defense to a defamation action and a "basically accurate account is not actionable" (*Rinaldi v Holt, Rinehart & Winston*, 42 NY2d 369, 383 [1977]; *see Proskin v Hearst Corp.*, 14 AD3d 782, 783 [2005]), Supreme Court properly concluded that defendant had met his burden to show that the flyer's statements were substantially true (*see Ingber v Lagarenne*, 299 AD2d 608, 609-610 [2002], *lv denied* 99 NY2d 507 [2003]).

Defendant's submissions shifted the burden to plaintiff to lay bare his proof of the falsity of the statements in defendant's flyer (*see id.* at 610). Plaintiff, however, submitted only his own affidavit denying that he committed any of the underlying criminal conduct and asserting that the flyer's statement, that "[j]ust because the [District Attorney's] office bungled this prosecution doesn't mean the underlying facts aren't true," would lead an average reader to conclude that he did, in fact, commit the criminal acts alleged. The flyer's words, however, are not literally false. Rather, they accurately state the fact that the reversal of a criminal conviction due to procedural errors does not render judgment upon the substantive merits of the charges. While the flyer's statement may, to some, suggest plaintiff's guilt, innuendo or adverse inferences are insufficient to establish libel (*see Roche v Hearst Corp.*, 53 NY2d 767, 769 [1981]; *Proskin v Hearst Corp.*, 14 AD3d at 784). In addition, plaintiff did not assert that the flyer's additional allegations (specifically that the victim of the sexual assault was male and that plaintiff

---

**1.** Plaintiff also alleged that defendant had distributed another flyer with a different accusation, but his brief does not address dismissal of the claim based upon that flyer and, thus, any challenge thereto has been abandoned (*see Vitvitsky v Heim*, 52 AD3d 1103, 1104 n [2008]).

**2.** Inasmuch as no appeal lies from the denial of a motion to reargue, plaintiff's appeal from Supreme Court's second order must be dismissed (*see Matter of Linney v City of Plattsburgh*, 49 AD3d 1020, 1022 [2008]).

"was out partying" with a State Trooper) had never been made against him in the course of the underlying criminal investigation. Thus, plaintiff failed to meet his burden of raising a substantive factual question as to the falsity of the statements in the flyer (*see Immuno AG. v Moor-Jankowski*, 77 NY2d 235, 245-246 [1991]; *Saunders v County of Washington*, 255 AD2d 788, 790-791 [1998]). Accordingly, Supreme Court properly dismissed plaintiff's defamation claims.

While plaintiff further alleges that defendant's distribution of the flyer violated the court order which sealed his criminal case file pursuant to CPL 160.50, we note that even if that statute were construed to create a private right of action for its violation, plaintiff presented no evidence that defendant knew of the sealing order or obtained copies of any of the sealed papers after the sealing order was filed. We have considered plaintiff's remaining contentions and found them to be equally unavailing.

Kane, Stein and McCarthy, JJ., concur. Ordered that the order entered March 14, 2008 is affirmed, with costs. Ordered that the appeal from the order entered July 11, 2008 is dismissed.