■ LINDA CLARK, Appellant, v SCHUYLERVILLE CENTRAL SCHOOL DISTRICT et al., Respondents. [902 NYS2d 707]—

Mercure, J. Appeals (1) from an order of the Supreme Court (Ferradino, J.), entered June 23, 2009 in Saratoga County, which granted defendants' motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered June 23, 2009 in Saratoga County, which denied plaintiff's motion for sanctions.

The underlying facts are fully set forth in our prior decisions involving this action (Clark v Schuylerville Cent. School Dist., 57 AD3d 1145 [2008]; Clark v Schuylerville Cent. School Dist., 24 AD3d 1162 [2005]). In separate orders, Supreme Court has now granted defendants' motion dismissing plaintiff's sole remaining cause of action for defamation, and denied plaintiff's motion to strike defendants' answer and for a default judgment based upon the alleged spoliation of evidence. Upon plaintiff's appeal from both orders, we affirm.

Plaintiff's defamation claim is based upon her assertion that defendant Thomas S. Martin, principal of Schuylerville Junior/Senior High School, stated to defendant Schuylerville Central School District's attorney that plaintiff had shown an "R" rated

film to students in violation of the District's policies and procedures. Martin, however, denied ever having made the statement set forth in the complaint and plaintiff failed to raise a triable issue of fact in that regard. Moreover, plaintiff concedes that, even if made, the alleged statement would have been subject to a qualified privilege, unless it was made with malice, because the communication occurred between persons with a common interest in the subject matter (*see Foster v Churchill*, 87 NY2d 744, 751-752 [1996]; *Liberman v Gelstein*, 80 NY2d 429, 437-439 [1992]). We note that in this context, malice includes spite, ill will, knowledge that a statement is probably false or a reckless disregard for its falsity, and that "spite or ill will refers not to defendant's general feelings about plaintiff, but to the speaker's motivation for making the defamatory statements" (*Liberman v Gelstein*, 80 NY2d at 439; *see Foster v Churchill*, 87 NY2d at 752). Inasmuch as plaintiff failed to present any competent evidence that the alleged statement was "made with an intent to harm [her,] . . . with a reckless disregard for [its] truth, . . . [or] solely because [Martin] disliked [her]" (*Foster v Churchill*, 87 NY2d at 752), she failed to demonstrate an issue of fact regarding the existence of malice sufficient to defeat the qualified privilege (*see id.*; *Liberman v Gelstein*, 80 NY2d at 438-439; *cf. Curren v Carbonic Sys., Inc.*, 58 AD3d 1104, 1107 [2009]).

Finally, as Supreme Court concluded in declining to impose sanctions on defendants, the record does not support a conclusion that Martin improperly destroyed documents related to this action. Plaintiff's vague and speculative allegations regarding prejudice arising from the alleged destruction of documents do not support a claim of spoliation (*see O'Connor v Syracuse Univ.*, 66 AD3d 1187, 1191 [2009], *lv dismissed* 14 NY3d 766 [2010]; *see also Dobson v Gioia*, 39 AD3d 995, 998 [2007]; *cf. Cutroneo v Dryer*, 12 AD3d 811, 813 [2004]).

The parties' remaining arguments, to the extent that they are not rendered academic by our decision, lack merit.

Cardona, P.J., Lahtinen, Malone Jr. and Egan Jr., JJ., concur. Ordered that the orders are affirmed, without costs.