Hope v Hadley-Luzerne Pub. Lib. (2019 NY Slip Op 01461)





Hope v Hadley-Luzerne Pub. Lib.


2019 NY Slip Op 01461


Decided on February 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 28, 2019

525533

[*1]VALERIE HOPE, Appellant,
v
HADLEY-LUZERNE PUBLIC LIBRARY et al., Respondents.

Calendar Date: January 14, 2019

Before: Garry, P.J., Egan Jr., Lynch, Clark and Pritzker, JJ.


Valerie Hope, Lake Luzerne, appellant pro se.
Bartlett, Pontiff, Stewart & Rhodes, PC, Glens Falls (John D. Wright of counsel), for respondents.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from an order of the Supreme Court (Muller, J.), entered June 8, 2017 in Warren County, which granted defendants' motion for summary judgment dismissing the complaint.
In August 2015, plaintiff pro se commenced this defamation action based upon defendants' August 2014 letter accusing her of engaging in disruptive behavior at defendant Hadley-Luzerne Public Library (hereinafter the library) in violation of its rules of conduct, and permanently revoking her library privileges. Plaintiff also alleged that defendants defamed her in two prior letters sent in September 2005 and December 2007. Defendants answered and asserted various affirmative defenses, including truth and the statute of limitations. Following discovery, defendants moved for summary judgment dismissing the complaint on the grounds that plaintiff had failed to state a cause of action for defamation as to the 2014 letter, and that her claims as to 2005 and 2007 letters were time-barred. In June 2017, Supreme Court granted defendants' motion and dismissed the complaint. Plaintiff appeals.
The movant seeking summary judgment has the initial burden to "establish its prima facie entitlement to judgment as a matter of law by presenting competent evidence that demonstrates the absence of any material issue of fact." Upon this showing, the burden then shifts to the opposing party to demonstrate "evidence demonstrating the existence of a triable issue of fact" (Aretakis v Cole's Collision, 165 AD3d 1458, 1459 [2018] [internal quotation marks and citation omitted]; see CPLR 3212 [b]). As pertinent here, "defamation requires proof that the defendant made 'a false statement, published that statement to a third party without privilege, with fault measured by at least a negligence standard, and the statement caused special damages or constituted defamation per se'" (Dickson v Slezak, 73 AD3d 1249, 1250 [2010], quoting Roche v Claverack Coop. Ins. Co., 59 AD3d 914, 916 [2009]).
Initially, "it is for the court to decide whether the statements complained of are reasonably susceptible of a defamatory connotation, thus warranting submission of the issue to the trier of fact" (Silsdorf v Levine, 59 NY2d 8, 12-13 [1983] [internal quotation marks and citation omitted]; see Wilcox v Newark Valley Cent. School Dist., 74 AD3d 1558, 1560 [2010]). This determination is made by looking at the context and circumstances surrounding the entire communication (see James v Gannett Co., 40 NY2d 415, 419 [1976]). "A defamation action is subject to an absolute defense that the alleged defamatory statements are substantially true" (Proskin v Hearst Corp., 14 AD3d 782, 783 [2005] [citations omitted]; see Rinaldi v Holt, Rinehart & Winston, Inc., 42 NY2d 369, 379-380 [1977]; Nekos v Kraus, 62 AD3d 1144, 1145-1146 [2009]). In this regard, "truth need not be established to an extreme literal degree
. . . [and] minor inaccuracies are acceptable" (Ingber v Lagarenne, 299 AD2d 608, 609-610 [2002] [internal quotation marks and citation omitted], lv denied 99 NY2d 507 [2003]; see Cusimano v United Health Servs. Hosps., Inc., 91 AD3d 1149, 1151 [2012], lv denied 19 NY3d 801 [2012]). Finally, defamation actions must be based upon assertions of fact. Statements consisting of solely opinion are not actionable (see Immuno AG. v Moor-Jankowski, 77 NY2d 235, 243-245 [1991]; Gentile v Grand St. Med. Assoc., 79 AD3d 1351, 1352 [2010]; Brown v Albany Citizens Council on Alcoholism, 199 AD2d 904, 905 [1993]).
In support of their motion for summary judgment, defendants submitted, among other things, the 2014 letter, the affidavits of multiple library staff members, plaintiff's deposition testimony, and the library's rules of conduct. The 2014 letter, which is central to the defamation claim, opens by briefly referencing the two prior letters sent to plaintiff in 2005 and 2007 regarding prior incidents, and references without describing continuing "small incidents" of concern thereafter, involving insulting staff and "creating public disturbances upsetting to other users of the library." The primary focus of this letter is a "serious incident" that occurred two days earlier. As described, this incident arose when plaintiff "parked directly and closely behind another handicapped person who was leaving the library and then refused to move [her] vehicle so [the other patron] could leave." The letter further describes an "additional disturbance in the library with that same patron and the library director" immediately thereafter, when plaintiff entered the building.
We agree with Supreme Court that the depiction of events as set forth within this letter is, by all accounts, substantially true and therefore not defamatory as a matter of law (see Nekos v Kraus, 62 AD3d at 1145-1146; Proskin v Hearst Corp., 14 AD3d at 783, 784; Ingber v Lagrenne, 299 AD2d at 610). Plaintiff's deposition testimony fails to support a different account of the essential underlying facts. As noted in the court's decision, the undisputed facts include the fact that plaintiff parked directly behind a handicapped library patron, who was preparing to leave the spot. She was asked by that patron and the library staff to move her vehicle, but refused, pointing instead to the fact that there was a motorcycle parked nearby. We note that plaintiff specifically acknowledged in her testimony that she had only just parked and had not yet entered the library when she was first asked by the other patron to move her vehicle. Plaintiff contends that it was not necessary for her to move, but it is undisputed that the handicapped patron perceived that she was unable to leave, and that this patron then made her way back into the library as she believed it was necessary to seek assistance from staff. Plaintiff further acknowledged that she thereafter raised her voice to the library staff in refusing additional requests to move her vehicle. Although plaintiff asserts that the letter falsely accuses her of violating the library's rules of conduct requiring patrons to "observe and respect the rights of other library users and staff," she does not dispute that other patrons present in the library at this time, including children, were upset by the incident. Ultimately, staff had to involve an additional patron to move the motorcycle, parked in the nearby spot.
Upon this record, defendants established the factual statements in the 2014 letter as "substantially true" and, thus, met their burden demonstrating their entitlement to judgment as a matter of law. In opposition, plaintiff failed to raise a triable issue of fact to preclude an award of summary judgment to defendants. The remaining issues of damages and publication as to the 2014 letter have thus been rendered academic. Finally, as plaintiff's defamation claims as to the [*2]2005 and 2007 letters are time-barred, they were properly dismissed (see CPLR 215 [3]; Harris v Town of Fort Ann, 35 AD3d 928, 929 [2006]).
Egan Jr., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.