Reus v ETC Hous. Corp. (2022 NY Slip Op 01363)





Reus v ETC Hous. Corp.


2022 NY Slip Op 01363


Decided on March 3, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 3, 2022

532765 532769 532823
[*1]Frederick Reus et al., Appellants,
v
ETC Housing Corporation et al., Respondents, et al., Defendants.

Calendar Date:January 10, 2022

Before:Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ.

Alan Paul Weinraub, Champlain, for appellants.
Gerber Ciano Kelly Brady LLP, New York City (Brendan Fitzpatrick of counsel), for ETC Housing Corporation and another, respondents.
Finnerty Osterreicher & Abdulla, Buffalo (Joseph M. Finnerty of counsel), for Plattsburgh Press Republican, respondent.
O'Connor, O'Connor, Bresee & First, PC, Albany (Elizabeth J. Grogan of counsel), for The Legal Aid Society of Northeastern New York and another, amici curiae.



Pritzker, J.
Appeals (1) from an order of the Supreme Court (Lawliss, J.), entered September 10, 2020 in Clinton County, which, among other things, granted a motion by defendants ETC Housing Corporation and Shauna Miller to quash a subpoena, (2) from an order of said court, entered December 3, 2020 in Clinton County, which, among other things, denied plaintiffs' motion for renewal and reargument, (3) from an order of said court, entered January 8, 2021 in Clinton County, which imposed sanctions on plaintiffs' counsel, (4) from an order of said court, entered April 26, 2021, which granted a motion by defendants ETC Housing Corporation and Shauna Miller for, among other things, summary judgment dismissing the complaint against them, and (5) from an order of said court, entered May 6, 2021 in Clinton County, which granted a motion by defendant Plattsburgh Press Republican for, among other things, summary judgment dismissing the complaint against it.
Plaintiffs, at all relevant times, were the owners of an apartment complex known as Gray Gables located in the Town of Chazy, Clinton County. In April 2018, defendant Plattsburgh Press Republican (hereinafter the Press Republican) published an article highlighting ongoing issues that former tenants of Gray Gables were experiencing while living there. As relevant to this appeal, prior to the article's publication, the Legal Aid Society of Northeastern New York (hereinafter LAS) represented these former tenants in their lawsuits. Defendant Shauna Miller, Executive Director of defendant ETC Housing Corporation (hereinafter collectively referred to as the ETC defendants), conducted inspections of Gray Gables on behalf of ETC. Following Press Republican's publication of the article, plaintiffs commenced the instant action against the ETC defendants and Press Republican (hereinafter collectively referred to as defendants) alleging, as relevant to this appeal, causes of action for libel and tortious interference with business relationships related to the publication of the article. Defendants joined issue and, shortly thereafter, the ETC defendants moved to dismiss the complaint. Supreme Court partially granted the motion by dismissing the claims against defendant Melissa Haber — an employee of ETC — and dismissing certain causes of action related to the ETC defendants. The ETC defendants thereafter moved for leave to reargue and renew certain portions of the motion to dismiss that had been denied and Supreme Court, among other things, granted leave to renew and dismissed the remaining causes of action in plaintiffs' complaint, except for the libel and declaratory judgment claims.
In May 2020, Supreme Court sent a letter to the parties following a conference indicating that the discovery deadline was extended until June 30, 2020. Shortly thereafter, nonparty LAS was subpoenaed by plaintiffs and LAS responded by, among other things, moving to quash the subpoena; that motion was granted as the subpoena was facially [*2]insufficient. However, on July 2, 2020, plaintiffs attempted to serve an amended subpoena upon LAS after the discovery deadline passed. In response, the ETC defendants moved to quash the amended subpoena on the ground that it was untimely. Plaintiffs opposed and also filed a document entitled "Crossmotion to Amend Complaint[,] Substitute Parties [and] Compel Discovery." As intimated by the title of the document, it appears that plaintiffs sought to amend the complaint to add LAS and Tara Glynn, an LAS staff attorney, as defendants to the libel and tortious interference causes of action and to extend the discovery deadline. Notably, plaintiffs' amended complaint sought to make substantial amendments to the original complaint. By order dated September 10, 2020, Supreme Court granted the ETC defendants' motion and quashed the amended subpoena as it was in violation of the May 19, 2020 letter order which set June 30, 2020 as the discovery deadline. Supreme Court also denied plaintiffs' cross motion in its entirety due to, among other things, plaintiffs' failure to follow statutory motion requirements and to abide by the court's scheduling order.
Plaintiffs then moved for renewal and reargument, seeking again to amend the complaint, which motion Supreme Court denied by order dated December 3, 2020. By order entered January 8, 2021, Supreme Court found that plaintiffs' attorney engaged in frivolous conduct with respect to their motion for renewal and reargument as, among other things, plaintiffs failed to "make any cogent legal or factual arguments in support of the relief requested." As a result of this finding, the court sanctioned plaintiffs' attorney. Then, in February 2021, defendants separately moved for summary judgment dismissing the complaint against them, and Supreme Court, in separate orders entered April 26, 2021 and May 6, 2021, dismissed plaintiffs' complaint with prejudice. Plaintiffs appeal.
We turn first to plaintiffs' contention that Supreme Court erred by quashing the amended subpoena. As to the motion to quash, "[a]s a general principle, it is well settled that a court 'is vested with broad discretion in controlling discovery and disclosure, and generally its determinations will not be disturbed in the absence of a clear abuse of discretion'" (Lisa I. v Manikas, 183 AD3d 1096, 1097 [2020], quoting Seale v Seale, 149 AD3d 1164, 1165 [2017]). Here, there is no dispute that the amended subpoena to LAS was issued after the discovery deadline set by the court, which was agreed to by the parties.[FN1] Moreover, as the court indicated, plaintiffs did have time between the grant of the first motion to quash the subpoena to LAS and the discovery deadline to reissue the subpoena, but they failed to do so. Therefore, we discern no abuse of discretion in Supreme Court's order quashing plaintiffs' amended subpoena due to the passage of the discovery deadline as set by the court's letter order (see CPLR 3104 [a]; 22 NYCRR 202.12 [f]; [*3]see generally Kozuch v Certified Ambulance Group, Inc., 301 AD2d 840, 840-841 [2003]).
Nor do we discern an abuse of discretion as to Supreme Court's denial of plaintiffs' cross motion to amend the complaint. "A party may amend his or her pleading, or supplement it by setting forth additional or subsequent transactions or occurrences, at any time by leave of court or by stipulation of all parties. Leave shall be freely given upon such terms as may be just including the granting of costs and continuances. Any motion to amend or supplement pleadings shall be accompanied by the proposed amended or supplemental pleading clearly showing the changes or additions to be made to the pleading" (CPLR 3025 [b] [emphasis added]). Plaintiffs sought to amend the complaint over six months after the date set by the court for such motions in its preliminary conference order and after the extended deadline for discovery had passed. Moreover, the amended complaint seeks to make substantial amendments to the original complaint by including new facts, additional parties and additional causes of action, as well as attempts to reinstate previously dismissed claims. In light of the foregoing, Supreme Court properly denied that part of plaintiffs' cross motion which sought to amend the complaint (see CPLR 3025 [b]; Sutton Apts. Corp. v Bradhurst 100 Dev. LLC, 160 AD3d 508, 509 [2018]; Sheets v Liberty Alliances, LLC, 37 AD3d 170, 171 [2007]). We have reviewed plaintiffs' remaining arguments as to their cross motion and find them to be without merit.
Next, we address plaintiffs' motion for renewal and reargument of its motion to amend the complaint. "Although CPLR 2221 (f) provides for a combined motion for leave to reargue and leave to renew, the requirements for a motion to reargue (see CPLR 2221 [d]) and a motion to renew (see CPLR 2221 [e]) are distinct, and, as such, each item of relief sought is to be identified and supported separately (see CPLR 2221 [f])" (Weaver v Weaver, 198 AD3d 1140, 1142-1143 [2021]). A review of plaintiffs' motion reveals that no new facts were proffered in support of the motion, as is required for a motion for leave to renew (see CPLR 2221 [e] [2]). Thus, despite its "designation as a combined motion, it is[,] in fact, exclusively a motion to reargue" (Weaver v Weaver, 198 AD3d at 1143). As the denial of a motion to reargue is not appealable, the appeal from the December 3, 2020 order is dismissed (see Matter of Boyle v NYS Department of Motor Vehicles, 200 AD3d 1375, 1378 [2021]; Matter of Lavendar v Zoning Bd. of Appeals of the Town of Bolton, 141 AD3d 970, 974 [2016], appeal dismissed 28 NY3d 1051 [2016], lv denied 29 NY3d 907 [2017]). Moreover, based upon our review of the motion, we decline to disturb Supreme Court's subsequent order sanctioning plaintiffs' attorney because the motion was without merit and, as the court found, material factual statements contained in the motion were false (see 22 NYCRR 130-1.1).
We turn [*4]now to plaintiffs' argument that Supreme Court erred in granting defendants' motions for summary judgment. We disagree. "[I]t is for the court to decide whether the statements complained of are reasonably susceptible of a defamatory connotation, thus warranting submission of the issue to the trier of fact. This determination is made by looking at the context and circumstances surrounding the entire communication" (Hope v Hadley-Luzerne Pub. Lib., 169 AD3d 1276, 1277 [2019] [internal quotation marks and citations omitted]; see Silsdorf v Levine, 59 NY2d 8, 12-13 [1983], cert denied 464 US 831 [1983]). "A defamation action is subject to an absolute defense that the alleged defamatory statements are substantially true" (Proskin v Hearst Corp., 14 AD3d 782, 783 [2005]; see Cusimano v United Health Servs. Hosps., Inc., 91 AD3d 1149, 1151 [2012], lv denied 19 NY3d 801 [2012]). To that end, "truth need not be established to an extreme literal degree. Provided that the defamatory material on which the action is based is substantially true (minor inaccuracies are acceptable), the claim to recover damages . . . must fail" (Ingber v Lagarenne, 299 AD2d 608, 609-610 [2002] [internal quotation marks and citation omitted], lv denied 99 NY2d 507 [2003]; see Cusimano v United Health Servs. Hosps., Inc., 91 AD3d at 1151).
As relevant to both motions for summary judgment, plaintiffs' claims are connected to Press Republican's April 11, 2018 article entitled "Legal Aid: Gray Gables should be shut down." The article shows a photograph of Gray Gables, which depicts the apartment building surrounded by junk and debris and details that three previous tenants of Gray Gables have brought lawsuits against the owner, plaintiff Frederick Reus, as well as the Town of Chazy (hereinafter the Town) and Clinton County based on the living conditions there. Additionally, the article explains that Gray Gables is a source of historic pride for the Town as it was originally built in the 1800s as the village school and Reus bought the property in the 1980s. The article then describes a former tenant's problems while she was living there, including "holes in the walls, yellowy water, roaming bats and a section of ceiling that landed on her bed when she, luckily, was not home." This tenant contacted Reus about her issues several times, but he often would tell her that things were alright, which ultimately prompted her to seek out ETC's assistance. The article goes on to highlight that Reus blames his tenants for the issues with Gray Gables. For example, the article states that Reus blamed tenants for bringing mice into the apartments and indicated that the tenants cut a slit in the rubber roof. Glynn stated in the article that the latest evaluation of Gray Gables found that the apartments are not up to the standards required by the warranty of habitability, as water damage therein have led to electrical, plumbing and other safety issues. As to the habitability issues, the [*5]article included Reus' statements that he always gets the apartments inspected before renting them out and he acknowledged that some units have water damage. Notably, the only mention in the article of ETC is that it was contacted by a former tenant and submitted its own complaint to the Town.
We turn first to the ETC defendants' motion for summary judgment. In support of their motion, they proffered, among other things, Miller's deposition testimony and an affidavit indicating that she conducted inspections of apartments at Gray Gables as certain tenants there contacted her regarding substandard living conditions. With respect to the actual habitability issues at Gray Gables, the ETC defendants proffered Department of Housing and Urban Development inspection checklist documents that Miller completed describing in detail the various habitability issues connected with certain apartments at Gray Gables in March 2015. Additionally, Michael Tetreault, the code enforcement officer for the Town, confirmed many of those habitability issues during his deposition. The article details that one tenant experienced, among other things, issues with yellowy water and heating problems. These issues are confirmed in the documents provided by the ETC defendants, as the inspection checklist documents detail "brown water" and cold air leaks coming from the windows. Notably, in the article, Reus acknowledged the water damage issues present in Gray Gables. Accordingly, as the ETC defendants established their prima facie case by proffering evidence that demonstrated that the statements contained in the Press Republican article were substantially true, the burden shifted to plaintiffs to raise a triable issue of fact that the statements are false (see Proskin v Hearst Corp., 14 AD3d at 783-784; Ingber v Lagarenne, 299 AD2d at 609-610). To that end, plaintiffs' opposition was largely conclusory and failed to raise any significant issues as to the substantial truth of the article. Given the foregoing, plaintiffs failed to meet their shifted burden, and Supreme Court properly granted the ETC defendants' motion for summary judgment (see Hope v Hadley-Luzerne Public Library, 169 AD3d at 1278-1279; Ingber v Lagarenne, 299 AD2d at 610).
Similarly, the motion for summary judgment by Press Republican was properly granted. To that end, in support of its motion, Press Republican submitted, among other things, the source information and other materials used by McKenzie Delisle in writing the article. This source information includes a March 2018 letter from an LAS representative detailing the hazardous conditions of Gray Gables and requesting a meeting with Press Republican to "discuss a prolonged battle with the [T]own that affects the health and safety of tenants." Additionally, Delisle's work product included an affidavit from a former tenant of Gray Gables detailing the conditions that she experienced, including that the bathroom smelled of sewage, the ceiling leaked [*6]and the tap water was brown and rusty. Photo evidence was also included that depicts, among other things, apartments with holes in the ceiling, free hanging lighting fixtures on the ceiling surrounded by cracks, unexplained insulation hanging from a hole in the wall and severe water damage. Delisle's work product also includes pleadings from lawsuits brought by former tenants of Gray Gables against, among others, the Town and plaintiffs. Press Republican also submitted Delisle's deposition testimony which, among other things, detailed the factual basis for the article. By detailing the underpinnings of the reporting, Press Republican demonstrated the truth of the article, hence establishing its prima facie entitlement to summary judgment (see Hope v Hadley-Luzerne Pub. Lib., 169 AD3d at 1278; Nekos v Kraus, 62 AD3d 1144, 1145 [2009]). Thus, the burden shifted to plaintiffs to raise a triable issue of fact that the article was false, which they failed to do as their opposition was, once again, largely conclusory and failed to raise any significant issues as to the substantial truth of the article (see Hope v Hadley-Luzerne Public Library, 169 AD3d at 1278-1279; Ingber v Lagarenne, 299 AD2d at 610). As such, Supreme Court properly granted summary judgment in favor of Press Republican.[FN2] We have examined plaintiffs' remaining contentions and find them to lack merit.
Egan Jr., J.P., Clark and Colangelo, JJ., concur.
ORDERED that the appeal from the order entered December 3, 2020 is dismissed, without costs.
ORDERED that the orders entered September 10, 2020, January 8, 2021, April 26, 2021 and May 6, 2021 are affirmed, with one bill of costs.



Footnotes

Footnote 1: We note that the June 30, 2020 discovery deadline was an extension from the original discovery deadline that was set for March 13, 2020.

Footnote 2: Plaintiffs do not make any arguments relative to Supreme Court granting Press Republican's motion for summary judgment as to the tortious interference cause of action.