Halpin v Banks (2024 NY Slip Op 05169)

Halpin v Banks

2024 NY Slip Op 05169

Decided on October 17, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 17, 2024

CV-23-1185
[*1]Timothy Halpin, Appellant,
v
George M. Banks et al., Respondents.

Calendar Date:September 12, 2024

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Lanny E. Walter, Attorney-at-Law, Saugerties (Lanny E. Walter of counsel), for appellant.
Hannigan Law Firm PLLC, Delmar (Terence S. Hannigan of counsel), for respondents.

Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Kevin R. Bryant, J.), entered May 26, 2023 in Ulster County, which granted defendants' motion for summary judgment dismissing the complaint.
Plaintiff owns and operates an automotive repair and towing business, is a firefighter for defendant Port Ewen Fire District (hereinafter PEFD) and was a commissioner for the Board of Fire Commissioners for the PEFD (hereinafter Board) between 2017 and 2021. Defendant George M. Banks is a firefighter for PEFD and was a commissioner for the Board during the years 2019 and 2020. On October 9, 2019, plaintiff and defendant engaged in a heated discussion at the fire station exchanging allegations that each had violated PEFD rules. Specifically, plaintiff alleged that Banks accused him of being involved in criminal conduct for receiving payment for the tow and storage of a PEFD fire truck in 2018. Similar statements [FN1] were repeated by Banks at public sessions of the Board's monthly meetings held on December 3, 2019 and January 8, 2020. Banks eventually provided a written statement to the Board dated January 17, 2020, claiming that plaintiff was paid by PEFD "for a service he performed through his personal business . . . [t]owing a district vehicle that was involved in a motor vehicle accident. [Plaintiff] knowingly billed [PEFD]'s insurance company . . . knowing he is not supposed to be paid by the [PEFD] he was elected to serve. [Plaintiff] has also stolen items from vehicles loaned to the [PEFD] for training purposes (bus seat, catalytic converters). . . . [Plaintiff] stated he had permission from the owner which is a false statement."
Plaintiff commenced this action in October 2020 alleging libel and slander against Banks and alleging that PEFD created a hostile work environment by failing to enforce its whistleblower policy, workplace violence policy and personnel policy, and, thereafter, failing to initiate an appropriate response to Banks' behavior. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motion, finding that Banks' statements were substantially true and that the statements were protected by the "common interest" qualified privilege. Additionally, Supreme Court determined that plaintiff did not articulate a statutory or private cause of action against PEFD. Plaintiff appeals, and we affirm.
Plaintiff contends that Supreme Court erred in granting summary judgment to defendants by failing to view the evidence in a light most favorable to him. "On a motion for summary judgment, it is the movant's initial burden to establish prima facie entitlement to judgment as a matter of law by submitting proof in admissible form demonstrating the absence of any material issues of fact. Upon such a showing, the burden shifts to the nonmovant to raise a triable issue of fact, again through the submission of competent evidence" (Parris-Kofi v Redneck, Inc., 204 AD3d 1180, 1181 [3d Dept 2022] [*2][citations omitted]; see EPG Assoc., LP v Cascadilla Sch., 194 AD3d 1158, 1159-1160 [3d Dept 2021], lv dismissed 37 NY3d 1103 [2021], lv denied 40 NY3d 910 [2024]). "[E]vidence produced by the movant must be viewed in the light most favorable to the nonmovant, affording the nonmovant every favorable inference" (Davis v Zeh, 200 AD3d 1275, 1278 [3d Dept 2021] [internal quotation marks and citations omitted]).
"A claim of defamation requires proof that the defendant made a false statement, published that statement to a third party without privilege, with fault measured by at least a negligence standard, and the statement caused special damages or constituted defamation per se" (Radiation Oncology Servs. of Cent. N.Y., P.C. v Our Lady of Lourdes Mem. Hosp., Inc., 221 AD3d 1324, 1332 [3d Dept 2023] [internal quotation marks and citations omitted]; see Jackie's Enters., Inc. v Belleville, 165 AD3d 1567, 1569-1570 [3d Dept 2018]). "It is for the court to decide whether the statements complained of are reasonably susceptible of a defamatory connotation, thus warranting submission of the issue to the trier of fact. This determination is made by looking at the context and circumstances surrounding the entire communication" (Reus v ETC Hous. Corp., 203 AD3d 1281, 1284-1285 [3d Dept 2022] [internal quotation marks, brackets and citations omitted], lv dismissed 39 NY3d 1059 [2023]; see Rossi v Attanasio, 48 AD3d 1025, 1027 [3d Dept 2008]).[FN2] "Even where a derogatory statement has been made, it remains well established that truth is an absolute, unqualified defense to a civil defamation action. As a defense, truth need not be established to an extreme literal degree. Provided that the defamatory material on which the action is based is substantially true (minor inaccuracies are acceptable), the claim to recover damages must fail" (Ingber v Lagarenne, 299 AD2d 608, 609-610 [3d Dept 2002] [internal quotation marks, ellipsis and citations omitted], lv denied 99 NY2d 507 [2003]; see Proskin v Hearst Corp., 14 AD3d 782, 783 [3d Dept 2005]).
Additionally, "[c]ourts have long recognized that the public interest is served by shielding certain communications, though possibly defamatory, from litigation, rather than risk stifling them altogether" (Macumber v South New Berlin Lib., 186 AD3d 1864, 1864 [3d Dept 2020] [internal quotation marks and citation omitted]; see Radiation Oncology Servs. of Cent. N.Y., P.C. v Our Lady of Lourdes Mem. Hosp., Inc., 221 AD3d at 1332). The "common interest" privilege "arises when a person makes a good-faith, bona fide communication upon a subject in which he or she has an interest, or a legal, moral or societal interest to speak, and the communication is made to a person with a corresponding interest" (Grier v Johnson, 232 AD2d 846, 847 [3d Dept 1996]; see Cusimano v United Health Servs. Hosps., Inc., 91 AD3d 1149, 1150 [3d Dept 2012], lv denied 19 NY3d 801 [2012]).
Supreme Court properly determined that Banks' statements made during [*3]the heated exchange that took place between plaintiff and defendant on October 9, 2019, were not actionable. Here, defendants proffered both an admission by plaintiff that he towed and stored the vehicle and received recompense for doing so and the fire chief's testimony that when he first asked plaintiff to tow the truck he refused, citing a conflict of interest due to his status as a fire commissioner; however, upon reflection, plaintiff believed that he could "work something out," whereupon he did in fact tow and store the fire district's vehicle. Upon such proffer, we find that defendants set forth sufficient evidence establishing the statements were substantially true (see Nekos v Kraus, 62 AD3d 1144, 1145 [3d Dept 2009]; Ingber v Lagarenne, 299 AD2d at 610). The burden then shifted to plaintiff to raise a triable issue of fact that the statements are false. Giving every favorable inference to plaintiff, he failed to meet his burden (see Reus v ETC Hous. Corp., 203 AD3d at 1287; Hope v Hadley-Luzerne Pub. Lib., 169 AD3d 1276, 1278 [3d Dept 2019]; Nekos v Kraus, 62 AD3d at 1146; Ingber v Lagarenne, 299 AD2d at 610).
Nor did Supreme Court err in dismissing the statements, both oral and written, made by Banks within the confines of the Board meetings held on December 3, 2019 and January 8, 2020, as these statements are subject to the common interest qualified privilege. Pursuant to the PEFD personnel policy, Banks had a duty to report ethical or illegal conduct by other members (see Port Ewen Fire District Personnel Policy § 7). The Board is tasked to oversee members and commissioners and has the authority to take disciplinary action (see Port Ewen Fire District Personnel Policy § 8). All of Banks' statements were made in his capacity as a PEFD firefighter and commissioner and referenced legitimate issues related to PEFD's personnel policy and code of ethics. The statements were made to fellow commissioners, who share a common interest in the oversight and safeguarding of the PEFD (see Sanderson v Bellevue Maternity Hosp., 259 AD2d 888, 891 [3d Dept 1999]; Mughetti v Makowski, 162 AD3d 1444, 1446 [3d Dept 2018]). Accordingly, the burden shifted to plaintiff to show that the privilege did not apply, and that Banks was motivated by malice alone when he made these statements (see Macumber v South New Berlin Lib., 186 AD3d at 1865; Mughetti v Makowski, 162 AD3d at 1446).
To overcome the qualified privilege, malice has a dual meaning: spite or ill will. This references the speaker's motivation for making the allegedly defamatory statements, not the speaker's feelings about the plaintiff, and knowledge that the statements were false or made with reckless disregard of whether the statements are false or not. "Under this standard, plaintiff must demonstrate that the statements were made with a high degree of awareness of their probable falsity" (Grier v Johnson, 232 AD2d at 848 [internal quotation marks and citations omitted]; see Clark v Schuylerville [*4]Cent. School Dist., 74 AD3d 1528, 1529 [3d Dept 2010]). Contrary to plaintiff's contention that Banks did not make any effort to learn the truth of the statements or to determine if an ethics code violation actually occurred, the "failure to investigate the truth, standing alone, does not establish actual malice. In order to demonstrate actual malice, the plaintiff must produce evidence that the speaker's failure to investigate evinced a deliberate intent to ignore the truth or a purposeful avoidance of the truth" (Grier v Johnson, 232 AD2d at 849 [internal quotation marks and citation omitted]; see Sanderson v Bellevue Maternity Hosp., 259 AD2d at 890-891). Here, Banks testified that he believed the statements he made were true. Additionally, plaintiff admitted many of the statements. More importantly, Banks did in fact undertake an investigation by contacting the owner of the school bus utilized in the 2017 fire training and obtained the owner's signature on a statement setting forth that he did not provide permission for plaintiff to remove any items from the bus. Banks submitted the owner's statement to the Board, commensurate with his written statement. On this record, plaintiff failed to demonstrate the existence of malice sufficient to defeat the qualified privilege and to avoid dismissal on the summary judgment motion (see Clark v Schuylerville Cent. School Distr., 74 AD3d at 1529; Grier v Johnson, 232 AD2d at 849; Bassim v Howlett, 191 AD2d 760, 763 [3d Dept 1993]).
Supreme Court also properly dismissed the complaint against PEFD. The Board investigated plaintiff's complaint against Banks and is vested with discretion to determine if disciplinary action should be taken or if the matter should be closed (see Port Ewen Fire District Personnel Policy § 8). Official acts involving the exercise of discretion may not serve as a basis for liability (see McLean v City of New York, 12 NY3d 194, 202 [2009]; Normanskill Cr., LLC v Town of Bethlehem, 160 AD3d 1249, 1250 [3d Dept 2018]). Additionally, mandamus does not lie to compel PEFD to reopen its investigation or arrive at a particular conclusion (see Matter of Hussain v Lynch, 215 AD3d 121, 126 [3d Dept 2023]; Davis v New York State Dept. of Educ., 96 AD3d 1261, 1262-1263 [3d Dept 2012]).
Egan Jr., J.P., Clark, Aarons and Fisher, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: At the Board meetings, Banks also allegedly accused plaintiff of removing a bus seat and catalytic converter from a bus used for training purposes in 2017, without the requisite permission.

Footnote 2: As an initial matter, in the complaint plaintiff qualifies the alleged defamatory statements with the phrase "in sum and substance," followed by the statements in quotation marks. "Merely paraphrasing the statements, notwithstanding the use of quotation marks to suggest a quotation where none in fact exists," fails to sufficiently identify the statements with specificity as required by CPLR 3016 (a) (Jackie's Enters., Inc. v Belleville, 165 AD3d at 1570 [internal quotation mark and citations omitted]). Although defendants in their summary judgment motion refer to the allegations as vague and convoluted, a review of the record confirms that this issue was not specifically raised before Supreme Court and is therefore unpreserved for our review (see Radiation Oncology Servs. of Cent. N.Y., P.C. v Our Lady of Lourdes Mem. Hosp., Inc., 148 AD3d 1418, 1420 [3d Dept 2017]).